STILP, Respondent, vs. NEW YORK LIFE INSURANCE COM-
PANY, Appellant.

*November 9—December 3, 1918.*

*Insurance: Agent's knowledge is knowledge of company: Waiver
of stipulation avoiding life policy: Illness of insured when
policy delivered: Acceptance of first premium.*

1. One who solicits insurance for an insurance company or col-
lects the premiums thereon is by sec. 1977, Stats., made the
agent of the company "to all intents and purposes;" hence,
when he is doing any act necessary or proper in order to
fulfil his agency, his knowledge of the surrounding facts is
the knowledge of the company.

2. An insurance company which receives a premium and delivers
a policy with knowledge of the existence of facts rendering
the policy void by reason of some stipulation of the policy or
application to that effect, is estopped from thereafter insist-
ing upon such stipulation.

3. Thus, a provision in the application for a life policy that the
insurance should not take effect unless the first premium was
paid and the policy delivered to the insured while he was in
good health, could not be insisted upon where the agent
cashed the check for the first premium and delivered the
receipt therefor after he had learned that the insured was
ill and had consulted the company's medical examiner (who
was treating the insured as a physician) as to his condition.

APPEAL from a judgment of the municipal court of Outa-
gamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Action upon a life insurance policy. The defense was
that the application for the policy contained a provision that
it should not take effect unless the first premium was paid
and the policy delivered to the insured while he was in good
health, and that as matter of fact the insured was seriously
ill at that time, which fact was concealed from the company.
The action was tried before a jury, and at the close of the
evidence a verdict for the plaintiff for the full amount of
the policy was directed. The essential facts were not in dis-
pute and were in substance as follows: Clement Stilp, the
insured, a boy eighteen years of age and the son of the

plaintiff, applied for the policy in question and was examined by Dr. Ritchie, the defendant's medical examiner. The medical report was favorable, the application was accepted at the home office, and the policy was sent on to W. A. Clark, the defendant's solicitor of insurance at Appleton, for delivery and collection of the premium. The face of the policy was $1,000 and the annual premium $19.62. One Vaughn, the uncle of the insured and brother of the plaintiff, had offices in the same building with Mr. Clark, and the insured left $8 with him (Vaughn) a week before the arrival of the policy to apply on the premium, promising to pay the balance on his next pay-day. The policy reached Clark on the morning of October 9, 1916, and he gave it to Mr. Vaughn to give to the insured, Vaughn at the same time giving Clark his check on a local bank for the entire premium. Vaughn took the policy to Stilp's house and found him sitting up in bed; he had been under treatment by Dr. Ritchie since October 6th. So far as the testimony shows, the difficulty was at that time supposed by physician and patient to be simply a severe cold. Vaughn delivered the policy to Stilp and saw Clark in the afternoon of the same day and told him that Stilp was at home not feeling well and seemed to have a bad cold, and that the doctor told him to stay in a few days; and Clark inquired the name of the doctor. Clark did not cash the check or deliver to Vaughn the receipt for the premium on that day. On the following day (according to Vaughn's testimony) Clark saw Vaughn and told him he had spoken to Dr. Ritchie concerning the boy's case and Dr. Ritchie told him the boy had a bad cold, so he said there is no use disturbing the policy for the boy will be all right in a few days. Clark died before this action was brought, so that this testimony stands uncontradicted. Dr. Ritchie was called as a witness and testifies to having treated the insured beginning October 6th, but nowhere states the nature of the illness nor does he deny making the statement to Clark above mentioned. On the 10th of October Clark cashed the

check and gave Vaughn the receipt for the first premium. Stilp remained in the house under treatment for nine or ten days, being in bed about a week of the time. He called at Dr. Ritchie's office for treatment on the 21st, 24th, and 28th of October and was permitted by Dr. Ritchie to return to his work on the 28th. He was a timekeeper for a telephone company and worked until November 4th, when he had a relapse and died November 7th. Dr. Ritchie's statement, which is a part of the proofs of loss, gives as the cause of death "Pneumonia catarrhal, followed by endocarditis with acute dilation," and further states that the insured had pneumonia from October 6th to the 28th, that he had a recovery with perfect health, and had no other disease until "relapse November 4th."

The premium of $19.62 was retained by the company until January 16, 1917, when it sent an agent to plaintiff's house, who handed her $20. She turned the money over to her attorneys, who subsequently placed it in the hands of the clerk of the trial court for the use and benefit of the defendant. The defendant appeals from judgment for the plaintiff on the directed verdict.

For the appellant there was a brief by *Miller, Mack & Fairchild* of Milwaukee, attorneys, and *James H. McIntosh* of New York, of counsel, and oral argument by *Edwin S. Mack*.

For the respondent there was a brief by *Rooney & Grogan*, attorneys, and *George N. Danielson*, of counsel, all of Appleton, and oral argument by *F. J. Rooney*.

WINSLOW, C. J. Two very simple propositions govern this case and demonstrate the correctness of the judgment.

*First.* Under sec. 1977, Stats., a person who solicits insurance for an insurance company or collects the premium thereon is the agent of the company "to all intents and purposes," *i. e.* he is in fact the company in the specific transactions named in the statute, and consequently, when he is doing any act necessary or proper in order to fulfil his agency,

his knowledge of the surrounding facts is the knowledge of the company.

*Second.* An insurance company receiving a premium and delivering a policy with knowledge of the existence of facts rendering the policy void by reason of some stipulation of the policy or application to that effect, is estopped from thereafter insisting upon such stipulation. *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227; 2 Bacon, Life & Acc. Ins. (4th ed.) § 592.

In the present case Clark (*i. e.* the company) did not cash the check nor deliver the receipt for the premium on the 9th, but kept them until the following day, after he had learned from Vaughn of the boy's illness and had consulted the company's medical examiner (who was treating the boy as a physician) as to his condition. Thus he (*i. e.* the company) learned all that any one knew about the facts. Knowing the facts he chose to cash the check, deliver the receipt acknowledging payment of the premium, and run the risk. There was no fraud or false representation. Doubtless the agent could have returned the check and demanded back the policy after he learned of the boy's illness, but he (*i. e.* the company) chose to affirm and complete the transaction and cannot now disaffirm it.

No other questions are necessary to be considered.

*By the Court.*—Judgment affirmed.