De Groot, Administrator, Respondent, vs. Mutual Life Insurance Company of New York, Appellant.

*October 12, 1922—January 9, 1923.*

*Insurance: Delivery of policy for purpose of examination: Acceptance: Extension of time for paying premium: Authority of local agent: Effect of recitals in policy.*

1. A life insurance policy, conditionally delivered by the local agent of the insurer with the understanding that insured had sixty days to determine whether he would accept it, became binding when, two weeks afterwards, the insured expressed to the agent his intention to accept it.

2. Where a life policy, binding on its face, after conditional delivery and acceptance by the insured, who failed to pay the premium within the sixty days as agreed, remained in his possession without objection by the insurer, which was accustomed to so deal, there was a completed and binding delivery, with the time extended beyond sixty days to pay the first premium, notwithstanding the policy on its face was not to be effective until payment of such first premium.

3. A local agent may bind his company by allowing the insured to hold a life policy and extending the time for payment of the first premium.

4. Where a life insurance policy contains an express acknowledgment of receipt of the first premium the insurer cannot, after delivery and acceptance of the policy, for the purpose of denying the contract, assert the contrary, such acknowledgment being more than a mere receipt. Such recital is a solemn admission that the contract is in effect presently, even though it be but *prima facie* evidence of payment as far as insured is concerned and subject to be rebutted in an action to recover the premium. *Whiting v. Mississippi Valley M. M. Ins. Co.* 76 Wis. 592, distinguished.

APPEAL from a judgment of the circuit court for Racine county: WILBUR E. HURLBUT, Judge. *Affirmed.*

One George L. De Groot, on August, 9, 1920, signed a written application for a policy of insurance on his life in the defendant company through its local agent at Union Grove, Wisconsin. At the top, and in print uniform with the balance of the application, was the provision: "The proposed policy shall not take effect *unless and until the first premium shall have been paid* during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health, except," etc.

A satisfactory medical examination of the applicant was had and a policy executed by defendant and dated August 14, 1920. The following appeared on the first page:

"The *Mutual Life Insurance Company of New York* in consideration of the annual premium of sixty-one and 62-100 dollars, *the receipt of which is hereby acknowledged,* and of the payment of a like amount upon each 14th day of August hereafter until twenty full years' premiums shall

have been paid, or until the prior death of the insured, promises to pay at the home office, . . . less any indebtedness hereon to the company and any unpaid premium or premiums necessary to complete premium payments for the policy-year current at such death, to," etc.

It also contained on the second page the following:

*"The Contract.*—This policy and the application herefor, a copy of which is indorsed hereon or attached hereto, constitute the entire contract between the parties hereto."

A copy of the application above mentioned was attached to such policy. (The italics above are ours.)

Such policy was received by the local agent at Union Grove a few days after August 14th without any accompanying letter and by him promptly delivered to said George L. De Groot, though the precise date is not shown, upon the understanding that the named insured might have an interval of sixty days within which to examine said policy and to determine if the same were acceptable to him and if accepted such period of time within which to pay the first premium.

From the uncontradicted testimony of defendant's local agent it appeared that though there was a clause in his contract with the company stating that payment must be made to the company upon delivery of the policy, yet that such was never required of him; that he had delivered quite a number of policies, and that he was accustomed to allow the insured sixty days or more in which to make payment, and that the company consented to such method.

The following testimony of the agent is all that relates to any kind of a demand for return of the policy:

"That he [the named insured] never offered to return the policy.  *Q.* Did you ever make demand for it?  *A.* After the expiration of the sixty days.  *Q.* When was that?  *A.* Well, at all times.  *Q.* Well, did you make demand on more than one occasion?  *A.* That is a part of the way of writing—we have of explaining the method, the sixty-day clause."

It further appears that shortly after George had so received the policy he notified the local agent that the policy was acceptable and that he would pay the first premium. Subsequently George lost his employment and for that reason could not begin payments and the local agent then offered to and did arrange with the former employer of George to take him back. It was then understood that such arrangement would permit George to subsequently make the payment. No definite understanding appears to have been arrived at as to any fixed period within which such premium was to be paid. George L. De Groot made no payment on the premium, but retained possession of the policy. He was accidentally killed on November 5, 1920. Thereafter his father was appointed administrator of his estate, and this action was brought to recover the double liability provided for in the policy.

Upon the trial each party moved for a directed verdict, and the court found, among other facts, that the delivery of the policy to the deceased was unconditional and the same was retained by him with defendant's consent from the date of its delivery until his death, and that the defendant company waived prepayment of the premium on said policy and extended credit thereon to the deceased, and such credit had not expired at the time of his death.

It was determined that there was due the plaintiff the amount provided for in the policy less the amount of the first premium, and for such balance judgment was directed in plaintiff's favor. From such judgment the defendant has appealed.

For the appellant there were briefs by *Miller, Mack & Fairchild* of Milwaukee, attorneys, and *Frederick L. Allen* of New York City, of counsel, and oral argument by *Bert Vandervelde* of Milwaukee.

For the respondent there was a brief by *Gittings & Moyle,* attorneys, and *John B. Simmons,* of counsel, all of Racine, and oral argument by *Mr. Simmons.*

The following opinion was filed November 8, 1922:

ESCHWEILER, J.    Defendant's contentions are:

1. That the delivery of the policy to the named insured being conditional only, never became effective so as to make a contract.

2. That the insured and those claiming under him were bound by the express recital in the application as recited above to the effect that the policy should not take effect unless and until the first premium shall have been paid, and that default in such condition bars any right to recovery; and

3. That there was a demand for the return of the policy by the agent on the named insured upon failure to pay the first premium so as to terminate any possible liability on such policy.

Under the conceded facts the delivery of the policy by defendant's agent to the insured was clearly a conditional one.    So far as the insured was concerned it was not to become a binding contract until he had the opportunity, within sixty days, to examine the policy and upon such examination to exercise the option resting in him of approving and accepting it.    It is undisputed that within about two weeks after such delivery to him and from the date of the policy the insured did approve and elect to accept.    Such particular purpose of the delivery was therefore an accomplished one at the time the insured so expressed to the agent his approval and intention to accept.

Upon such notice the defendant made no demand for immediate payment of the first premium or for a return of the policy, but permitted the insured to continue his possession of the policy so completely executed and being an absolute and binding contract on its face, dated as it was August 14th, on the anniversary of which date, rather than of the date on which the first premium should in fact be paid, subsequent annual premiums were to become due.

De Groot v. Mutual Life Ins. Co. 179 Wis. 202.

Under the undisputed testimony the defendant, by its course of business with this particular local agent at least, permitted and authorized the delivery of the policy as a present, binding contract, thereby waiving the written condition of present and immediate payment of the first premium, and thereby extended the time within which such payment might be made. Its continued unobjected-to possession by the insured after such acceptance and notice was equivalent to a then delivery by the agent with a then agreement to extend the time for the payment of the first premium. This situation as to extending time for the payment arose not by virtue of any provision in the application or policy, or by the terms of the contract between the agent and the defendant, but solely by reason of a theretofore recognized course of dealing in its own business which must be held binding on the defendant in this case. *Wagener v. Old Colony L. Ins. Co.* 170 Wis. 1, 172 N. W. 729; *Hartwig v. Ætna L. Ins. Co.* 164 Wis. 20, 25, 158 N. W. 280; *Stewart v. Union Mut. L. Ins. Co.* 155 N. Y. 257, 269, 49 N. E. 876, 42 L. R. A. 147; *Connecticut Gen. L. Ins. Co. v. Mullen,* 197 Fed. 299, 43 L. R. A. n. s. 725, note.

There can be no question of the power of the agent to do as he did with the policy. *Stilp v. New York L. Ins. Co.* 168 Wis. 264, 169 N. W. 606.

There is present in this case no element of uncertainty as to the intention of the parties or as to the fact that there was then an extension of the time for the payment of the first premium to a period beyond the date of the policy itself, the date of its delivery, and beyond the time when the insured expressed to defendant's agent his approval and intention to accept said policy. There is no such situation here presented, therefore, as to make applicable the cases relied upon on this point by defendant, where the intentions of the parties were in dispute, of *Wagener v. Old Colony L. Ins. Co., supra; McDonald v. Provident Sav. L. Assur. Soc.* 108 Wis. 213, 84 N. W. 154; or *Tomsecek v.*

*Travelers' Ins. Co.* 113 Wis. 114, 88 N. W. 1013, in which last case reliance was placed upon an alleged contract between the insured and the defendant's agent to pay the premium by personal transaction between such agent and the insured; nor as in the case of *Chamberlain v. Prudential Ins. Co.* 109 Wis. 4, 85 N. W. 128, where it was held that an alleged oral contract by the agent that insurance became effective upon the signing of the application and prior to acceptance by the defendant, and all contrary to the express stipulations in the receipt then given by the agent, was invalid.

Under the facts in this case the liability of the defendant may also be supported upon the further ground that, having permitted delivery of a policy which contained on its face an express acknowledgment of the receipt of the first premium, the insurer cannot afterwards, for the purpose of denying the existence of the contract, assert the contrary. Such a statement in a contract of this kind must be held to be more than a mere receipt open to explanation or contradiction by oral testimony and be regarded as a solemn admission that the contract is in effect presently and upon such delivery and acceptance as here shown as a valid and subsisting contract. Such effect is given by statute in some states to a recital of this kind. See *Donahue v. Mut. L. Ins. Co.* 37 N. Dak. 203, 164 N. W. 50, and note to the same case in L. R. A. 1918A, 308. It is recognized as having such effect independent of statute. *Whipple v. Prudential Ins. Co.* 222 N. Y. 39, 43, 118 N. E. 211; *Farnum v. Phœnix Ins. Co.* 83 Cal. 246, 252, 23 Pac. 869; *Raulet v. Northwestern Nat. Ins. Co.* 157 Cal. 213, 224, 107 Pac. 292, 34 Am. & Eng. Ann. Cas. 1076; *Gardner v. North State M. L. Ins. Co.* 163 N. C. 367, 79 S. E. 806; *De Michele v. London & L. F. Ins. Co.* 40 Utah, 312, 120 Pac. 845.

Such recital is none the less an admission binding the

De Groot v. Mutual Life Ins. Co. 179 Wis. 202.

insurance company making the same, even though it be but *prima facie* evidence of payment so far as the insured is concerned and subject to be rebutted in an action by the insurance company to collect the premium. *Britton v. Metropolitan L. Ins. Co.* 165 N. C. 149, 152, 80 S. E. 1072. In adopting this view as to the binding effect as an admission of such a recital in an insurance policy under the facts in this case, we are not unmindful of what was said by this court in *Whiting v. Mississippi Valley M. M. Ins. Co.* 76 Wis. 592, 45 N. W. 672, where it was stated (p. 598) that there was no error in charging the jury in that case "that the recital in the policy of the payment of the cash premium was *prima facie* evidence of the fact recited, subject to contradiction by competent evidence." The question now before us was not presented in that case and we do not deem the expression there found and above quoted as controlling here. It may be noted that the same case (p. 599) expressly recognized that an insurance company might waive, and be bound by such waiver, a condition for the prepayment of the first premium.

The defendant's agent had, under his own uncontradicted testimony, recognized permission by defendant to extend the time for credit for the payment of such first premium for more than the period of sixty days. Under the testimony in this case we think the court was justified in its conclusion that the credit extended by the defendant under such authority and usage had not expired at the time of the death of the insured.

We find no warrant in the testimony, in view of the conclusion of the trial court now being upheld, to support defendant's contention that there was timely and proper demand by defendant's agent for a return of the policy because of nonpayment of the premium.

Certain rulings of the trial court on matters of evidence are urged as errors by defendant. In view of the disposition

we are making of this case on the other questions, we do not deem it necessary to discuss or dispose of such assignments of error.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 9, 1923.