Sachs and wife, Respondents, vs. North American Life Insurance Company of Chicago, Appellant.

*April 2—April 29, 1930.*

For the appellant there were briefs by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *E. B. Bundy.*

For the respondents there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod.*

Fritz, J. Action to recover on a life insurance policy dated November 3, 1928, and insuring plaintiffs' son, Coleman I. Sachs, who died November 22, 1928. No premium was ever paid. A. S. Williams, defendant's local agent at Eau Claire, Wisconsin, solicited the insurance. He was a district agency manager for several insurance companies and solicited insurance for the defendant, but there is no proof that he was a general agent of the defendant. In the application, which is expressly made part of the contract and which was signed by Solomon Sachs, it was provided:

"That the insurance hereby applied for shall not take effect until the policy is issued and delivered by the company, and the first premium paid thereon in full, during the life-

time and good health of the child whose life is proposed for insurance. . . ."

The policy provided that:

"All premiums are payable in advance at the home office, or to any agent of the company upon delivery, on or before the date due, of a receipt signed by the president, the vice-president, or the secretary of the company, and countersigned by said agent."

"If any premium or portion thereof be not paid when due, this policy shall be void and all premiums forfeited to the company, except as herein provided."

"No one has power to make or modify this contract of insurance, or to extend the time for paying any premium, and the company shall not be bound by any promise or representation heretofore or hereafter made, unless made in writing by any two of the following officers, viz.: the president, vice-president, or secretary."

No writing extending the time for payment of the first premium, or modifying the contract, or as to any promise or representation, was made by any of those officers. The agent, Williams, had no express authority to extend the time for payment of the first premium or to deliver a policy without payment of such premium. He was allowed sixty days in which to remit to the defendant for premiums or to return policies sent to him. Upon procuring an application he forwarded it to the defendant for acceptance. In his report accompanying the application for the policy in suit, in answer to a question as to what settlement he expected to make, if cash or notes "have not been taken," he stated, "Pay on delivery." With the policy which defendant sent to Williams it sent a receipt for the first premium, which Williams was to countersign and deliver to the insured upon payment of the premium. The policy expressly provided that it was made "in further consideration of the payment, on or before delivery of this policy or as hereinafter provided," of the first annual premium.

The case was tried without a jury, and the court found, upon sufficient evidence, that Williams delivered the policy to plaintiffs "without the payment of said premium, with the understanding and agreement that said policy was then in force and that credit was extended for the payment of said premium until the agent would again call for it." The learned circuit judge concluded that because Williams had thus agreed that credit was extended for payment of the first premium, and that the policy was then in force, the defendant was liable, notwithstanding the express and explicit provisions to the contrary in the contract of insurance. That conclusion can only be sustained if the evidence establishes that Williams, as a mere soliciting or special agent, had authority, express or implied, to waive or modify the contractual provisions that the insurance should not take effect until the first premium was paid in full; and that no one had power to make or modify the contract unless made in writing by two of the defendant's principal officers. It is not contended that Williams had any express authority to make such waiver or modification. On the other hand, there is no evidence that he had ever delivered a policy of the defendant with any such understanding for the extension of credit, or that the defendant had ever permitted or acquiesced in such a delivery or understanding. The court did find that, on previous occasions, Williams had delivered fire insurance policies to the plaintiffs without receiving payment of the premium until he subsequently collected it. However, evidence and findings as to Williams' custom in delivering fire insurance policies, with which the defendant had no connection, were wholly irrelevant in this action. There are material differences between the provisions of life and of fire insurance contracts, and the methods of placing, executing, and delivering policies for those lines of insurance. Life insurance agents rarely, if ever, are general agents with authority to place the insurance and write or execute policies

which are effective immediately, as fire insurance agents do. Consequently, they stand upon a substantially different footing from fire insurance agents, and a custom as to delivery of fire insurance policies and the extension of credit for premiums therefor does not establish the existence of a like custom as to life insurance policies,—and especially not, when such policies are issued by another insurer. With that custom as to fire insurance policies out of the case, were the plaintiffs entitled to recover?

The mere fact that a policy was delivered "in advance of the payment of the first premium does not point to the probability of a waiver of the provision that the liability under such policy should not antedate actual receipt by the society of such premium in money." "The provision in the policy postponing its effect as an insurance contract till payment of the first premium contemplated a delivery thereof to the insured subject to such provision, so that in case of payment of the first premium not being made till a later day the liability would be postponed accordingly." *McDonald v. Provident S. L. Assur. Soc.* 108 Wis. 213, 220, 84 N. W. 154. The decision in that case recognizes the rule that—

"A general agent of an insurance company who has authority to deliver policies and receive payment of the premium has power to waive prepayment of the premium although the policy contains a condition to the contrary." Joyce, Insurance (2d ed.) §§ 77, 79.

However, as hereinbefore stated, there is no proof that Williams had the authority of a general agent as to the policy in suit. He was merely a soliciting agent. There is a substantial distinction.

"A *general agent* of an insurance company is generally one who is authorized to accept risks, agree upon and settle the terms of the insurance contracts, issue policies by filling out blank instruments which are furnished him for that purpose, and to renew policies already issued, as distinguished

from a soliciting agent who merely procures applications, forwards them to some other officer by whom the policies are issued, collects the premiums and delivers the policies." 32 Corp. Jur. p. 1065; Cyclopedia of Insurance Law, § 506.

"A *soliciting* agent is merely a special agent, and, as a general rule, has authority only to solicit insurance, submit applications therefor to the company, and perform such acts as are incident to that power. He may bind the company by agreements and representations properly made in connection with the application for insurance, but ordinarily has no authority to bind it by attempted acts or contracts in its behalf, relating not to the taking of the application, but to the subsequent contract of insurance, or to other matters not connected with the application and not within the real or apparent scope of his authority. . . ." 32 Corp. Jur. p. 1067; Cyclopedia of Insurance Law, § 507.

So it has been held, on the one hand, that—

". . . A general agent has authority to extend credit for premiums due, except when a restriction upon his authority exists, and is brought to the knowledge of the insured;" and, on the other hand, "that a life insurance agent, authorized to collect premiums, but having no authority to issue policies, can grant no extension of time for the payment of an instalment of a premium note. Nor does authority to issue a policy for a consideration then paid authorize the agent to extend credit." Cyclopedia of Insurance Law, § 604.

The absence in this case of proof that there had existed any practice or custom on Williams' part to extend credit for the first premium upon life insurance policies which the defendant had issued and which he had delivered constitutes a controlling distinction between this case and the case of *De Groot v. Mutual Life Ins. Co.* 179 Wis. 202, 190 N. W. 443. In that case uncontradicted testimony established that the defendant's local agent had delivered quite a number of policies, and had customarily allowed the insured sixty days or more in which to make payment; that the defendant had never required its local agent to obtain payment of the first

premium upon the delivery of its policies; and that the defendant had consented to such method. In view of those facts this court said:

"The defendant's agent had, under his own uncontradicted testimony, recognized permission by defendant to extend the time for credit for the payment of such first premium for more than the period of sixty days."

The provisions of sec. 209.05, Stats., do not confer on a mere soliciting or special agent like Williams, authority to waive or modify the explicit and controlling provisions of an application signed by the insured, or of the subsequent insurance contract, which had been duly signed and executed by defendant's officers, and which under its terms could only be waived or modified by two of the principal officers of the defendant joining in a writing to such effect. *Hankins v. Rockford Ins. Co.* 70 Wis. 1, 4, 35 N. W. 34; *Stevens v. Queen Ins. Co.* 81 Wis. 335, 339, 51 N. W. 555; *Bourgeois v. Mutual Fire Ins. Co.* 86 Wis. 402, 407, 57 N. W. 38.

Under sec. 209.05, Stats., the defendant was chargeable with all facts within Williams' knowledge in relation to any act necessary or proper in order to fulfil his agency (*Stilp v. New York L. Ins. Co.* 168 Wis. 264, 169 N. W. 606) in soliciting the insurance and collecting the premium, either in accordance with the provisions of the insurance contract as made by the defendant's officers, or in accordance with such authority as was expressly granted to Williams by the defendant, or could properly be implied from existing practices of Williams, which the defendant had permitted. But Williams had nothing to do with making the terms of that insurance contract. That power was foreign to "all intents and purposes" of his agency. To hold otherwise under the facts of this case would arbitrarily and unreasonably vest in a mere soliciting agent authority to exercise the important power—which was unequivocally and properly reserved by written contractual provisions to the defendant's principal

corporate officers—of making the terms of the insurance contract, without according the defendant the right or opportunity, by proper means and diligence, to limit the scope of its agent's authority in that respect.

For the reasons stated, the proof fails to establish that Williams was authorized to extend credit for the payment of the first premium or to agree that the policy would be in force in the meantime. Consequently, the insurance never became effective, and plaintiffs are not entitled to recover on the policy.

*By the Court.*—Judgment reversed, with directions to enter judgment dismissing the complaint.