CULLEN and wife, Appellants, vs. TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent.

*February 9—March 6, 1934.*

The cause was submitted for the appellants on the brief of *McGowan, Geffs, Fox & Persons* of Janesville, attorneys, and *Robert K. Cullen* of Madison of counsel, and for

the respondent on that of *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville.

FRITZ, J.  The policy upon which this action was based was issued on September 9, 1926, and thereafter renewed annually, including a renewal on September 9, 1928, for the ensuing year.  During that year, the casualty occurred, which gave rise to the claim for indemnity.  In relation to the coverage afforded by that policy, there was the following provision:

"Four—This agreement shall exclude any obligation of the company

"(b) While any disclosed automobile is being driven in any race or competitive speed test or by any person under the age fixed by law or under sixteen years in any event, or as respects any disclosed automobile which has been sold or assigned."

In view of that provision, the coverage did not extend to the operation of the automobile while it was being driven "by any person . . . under sixteen years in any event." That express exclusion from any obligation of the defendant under the policy was applicable and operative whenever the driver, by whom the automobile was being driven at the time of a casualty, was a person under sixteen years of age, regardless of whether he was the named assured, or a driver otherwise legally using the automobile, or one for whose negligent operation of the automobile the named assured, or some other person, was legally responsible.  True, as to such coverage as was afforded by the policy, the indemnity thereunder was extended (subject to certain provisions here immaterial), on the one hand, by a provision in the policy, to "any other person or organization while legally using any such automobile, including also any other person or organization legally responsible for the use thereof;" and, on the other hand, by virtue of provisions in sec. 204.30,

Stats., was applicable "in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy, when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile." However, neither of those provisions effected any enlargement or change in the coverage afforded by the policy as to any person entitled to the indemnity afforded thereby. In that connection, it must be noted that, as the dates of the policy in suit, as well as the renewals thereof and the casualty in question, are all prior to the year 1931, when sec. 204.33, Stats., chs. 393 and 477, Laws of 1931, was enacted, the provisions in that statute, which prohibit policies containing certain restrictions on the coverage, are not applicable to the policy and renewals in suit, and the provisions thereof which restrict, as stated above, the coverage afforded thereby.

Consequently, in view of the express and unambiguous limitation on the coverage, which was afforded by the policy, the operation of the automobile by plaintiffs' son, at the time of the casualty, while he was but fifteen years of age, was not within the coverage, and there is therefore no obligation on the part of the insurer to indemnify any person whatsoever. The fact that there had been issued to plaintiffs' son a special driver's license under sec. 85.08 (1a), Stats., and that thereunder his parents were responsible in law for damages because of his negligent operation of the automobile, is immaterial. As we held in *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 449, 240 N. W. 881, and *Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 136, 245 N. W. 200:

"If, because of express limitations in the policy on the scope of the insurance, the casualty or the operation of the

automobile at the time of the casualty was not within the coverage of the policy, then there is no liability on the part of the insurer, regardless of whether the automobile was then being operated by the assured or by some one else with his permission. Neither sec. 204.30 (3), Stats., nor the provision embodied in the policy pursuant thereto, creates a liability or confers any right of action where none exists under the terms of the policy itself. (Citations.) Under the very terms of sec. 204.30 (3), Stats., and the equivalent provision in the policy, the insurance coverage afforded thereby to the named assured, and to the one using the automobile with the permission of that named assured, exists only 'when such automobile is being used for purposes and in the manner described in said policy.' Clearly, in that respect the coverage of the policy is no greater when the automobile is being used with the permission of the assured than when it is being used by the assured himself."

Plaintiff also contends that the facts conclusively show an estoppel *in pais* on the part of the defendant to deny that the policy covered the operation of the automobile by plaintiffs' son, Wayland. In connection with that contention plaintiffs assert in their brief that facts, stated in a stipulation (upon which the cause was submitted at the trial), show that William G. Lathrop, who had issued the policy and the renewals thereof, as agent for the defendant, was charged with knowledge that the auto was being driven by a person under the age of sixteen years, and that, having such knowledge, Lathrop assured the plaintiffs that they would be fully covered. However, in so far as that stipulation has any bearing on Lathrop's knowledge and conduct in those respects, it was merely to the effect that if called as witnesses, the plaintiff, Archie H. Cullen, on the one hand, and Lathrop, on the other hand, would testify in substance as stated in the stipulation. At most, in that respect, the stipulation in substance is only that Cullen and Lathrop would testify to statements which are conflicting, and there is nothing in the record to indicate whose statement is true.

Neither is there any finding by the court as to what the facts are in respect to the subject matter of those conflicting statements. Without any finding of fact in those respects, there is merely the court's conclusion that "the facts do not create an estoppel as against the defendant." Under the circumstances, there is, in respect to the crucial facts which are in controversy, no adjudicated factual basis, upon which there can be based any conclusion that defendant is estopped to deny that the policy covered the operation of the automobile by Wayland. However, even if the facts were assumed to be as it was stipulated Cullen would have testified, there still would not have been established that it was ever agreed between the parties that there was to be issued a policy of insurance, or an indorsement thereon, for the necessary additional coverage. There is nothing in Cullen's proposed testimony that he ever contracted with Lathrop to enlarge, by an indorsement or otherwise, such coverage as was afforded by the policy as originally issued. At most Cullen's proposed testimony is merely that Lathrop had represented that the legal meaning and effect of the policy, as written, covered the operation of the automobile by Wayland. As an attempt to thus construe the policy would give it a legal meaning which is materially at variance with the terms thereof, the result of holding that, by virtue of Lathrop's oral representation, the defendant has become estopped to assert the true legal meaning thereof, would allow Lathrop to modify by a mere oral statement a material and important term of the contract of insurance. To allow that would be in direct disregard and violation of paragraph "J" of the "Conditions" set forth on the first page of the policy, which is as follows:

"No provision or condition of this policy shall be waived or altered except by indorsement attached hereto, signed by the president, a vice-president, secretary, or assistant secre-

tary of the company, or the superintendent of its automobile division, or a registrar specially authorized; . . ."

If Cullen's proposed testimony had been to the effect that it had been agreed between him and Lathrop that the coverage under the policy was to be enlarged, and that the latter was to issue a policy or an indorsement which so provided, and which was duly signed by one of the authorized persons mentioned in that paragraph "J," then defendant might have become obligated for such additional coverage. However, any intention to effect an enlargement of the coverage in that manner is wholly negatived by Cullen's assumed testimony that he did not know the contract as originally written did not cover Wayland's operation of the automobile. Under the circumstances, Lathrop, as a mere local agent, was incompetent to alter the provisions in the contract of insurance or the legal meaning thereof by mere oral statements. As we held in *Sachs v. North American Life Ins. Co.* 201 Wis. 537, 542, 230 N. W. 612, although under sec. 209.05, Stats., the defendant was chargeable with all facts within Lathrop's knowledge in relation to any act necessary or proper in order to fulfil his agency in soliciting the insurance and collecting the premium, either in accordance with the provisions of the insurance contract as made by the defendant's officers, or in accordance with such authority as was expressly granted to him by the defendant, or could properly be implied from existing practices of Lathrop, which the defendant had permitted, nevertheless, as he had nothing to do with making the terms of the insurance contract, that power was foreign to "all intents and purposes" of his agency.

In the absence of such power on his part, no modification of that contract, under the theory of estoppel or otherwise, can be predicated upon Lathrop's mere oral statements that the meaning of the contract is otherwise than the plain,

legal meaning of its unambiguous provisions. *Hankins v. Rockford Ins. Co.* 70 Wis. 1, 5, 35 N. W. 34; *Bourgeois v. Mutual Fire Ins. Co.* 86 Wis. 402, 407, 57 N. W. 38; *Sachs v. North American Life Ins. Co., supra.* Manifestly such cases as *Klingler v. Milwaukee Mechanics Ins. Co.,* 193 Wis. 72, 213 N. W. 669; *Spohn v. National Fire Ins. Co.* 190 Wis. 446, 209 N. W. 725; and *Kiviniemi v. American Mutual Liability Ins. Co.* 201 Wis. 619, 231 N. W. 252, holding that the insurer was estopped to deny that the coverage of a policy had been extended to additional property, or so as to be applicable under conditions, as to which the agent had duly been requested and had agreed to extend the coverage; and such cases as *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227, and *Newburg v. United States F. & G. Co.* 207 Wis. 344, 241 N. W. 372, holding that if, when an agent delivers a policy, he has knowledge of facts regarding the subject of insurance which are inconsistent with its terms, the insurer, by accepting the premium, is estopped to declare the policy void, because its terms were not changed in writing so as to conform to the facts, are not in point.

*By the Court.*—Judgment affirmed.