FAUST, Plaintiff and Respondent, vs. DAWES, Defendant: AMERICAN FIDELITY & CASUALTY COMPANY, Defendant and Appellant.*

*June 6—June 30, 1950.*

* Motion for rehearing denied, without costs, on September 6, 1950.

354

For the appellant there was a brief by *Stephens, Cannon, Bieberstein & Cooper* and *Frank M. Coyne,* all of Madison, and oral argument by *Mr. Coyne.*

For the respondent there was a brief by *Spohn, Ross, Stevens & Lamb,* attorneys, and *Edwin C. Pick* of counsel, all of Madison, and oral argument by *Mr. Pick.*

MARTIN, J.   The defendant Joseph J. Dawes operates a trucking company with headquarters in the village of Oregon,

Wisconsin. The appellant, pursuant to sec. 194.41, Stats., issued a policy of insurance to Dawes, which policy was in effect at times material to this action. The plaintiff Jack Faust resides near McFarland, Wisconsin, and owns certain truck-tractors, some of which he operates himself and some of which he leases to other parties. Plaintiff had leased one White tractor to defendant Dawes for use in the trucking business. The plaintiff alleges that on October 24, 1948, one Marvin Roenneburg, as the agent and employee of Dawes and while driving said tractor for Dawes, collided with a railroad train within one mile of Ashley, Illinois, damaging the White tractor. Numerous items of negligence on the part of driver Roenneburg are alleged to be the cause of the collision. Recovery is sought from the appellant by virtue of the policy of insurance it issued to Dawes.

The appellant contends that it has no liability to the plaintiff because its policy of insurance contains two specific exclusions: (1) Excluding coverage for "liability assumed by the insured under any contract or agreement;" and (2) excluding coverage for "injury to or destruction of property owned by, rented to, in charge of, or transported by, the insured."

The plaintiff contends that because of sec. 194.41, Stats., which is applicable to licensed truckers, which Joseph J. Dawes is, the exclusions in appellant's insurance policy are invalid and that it must be held responsible for damages to the plaintiff. Sec. 194.41 (1), provides:

"(1) No common carrier of property, or contract motor carrier, shall operate any motor vehicle for which a permit is required by this chapter unless it shall have on file with the motor vehicle department and in effect a good and sufficient indemnity bond, policy of insurance or other contract in writing in such form and containing such terms and conditions as may be approved by the department issued by a surety, indemnity or insurance company or exchange lawfully qualified to transact such business in this state under

which such indemnitor shall assume the liability prescribed by this section with respect to such motor vehicle. Said undertaking shall be subject to the approval of the department and shall provide that the indemnitor shall be directly liable for and shall pay all damages for injuries to persons or property that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent use or operation thereof. . . . Such liability may be restricted so as to be inapplicable to damage claims on account of injury to property transported, but the department may require an undertaking protecting the owner of the property transported by public carriers from loss or damage thereto, which undertaking shall be in such amount and under such condition as the department may require. . . ."

Appellant contends that such section does not apply because the accident occurred in Illinois; the coverage sought to be afforded in this particular instance is collision insurance rather than public-liability insurance in character; the legislature did not intend sec. 194.41, Stats., to prohibit exclusions of the type appellant has in its policy; it would be against public policy to permit recovery for losses of the type involved in this action against a public-liability insurance carrier, and the relationship between plaintiff and Dawes is one arising out of the contract.

As stated previously, the policy of insurance issued by appellant to Dawes specifically excluded liability on the part of the insurance carrier for injury to or destruction of property "owned by, *rented to, in charge of, or transported by, the insured.*" The factual situation in this case is undisputed that the vehicle damaged came within this exclusion.

It was stated in *Witzko v. Koenig* (1937), 224 Wis. 674, 679, 272 N. W. 864:

"Our court is committed to the doctrine that liability of the insurer, either to the insured or the injured person, is contractual."

In view of the express and unambiguous limitation on the coverage which was afforded by the policy and the fact that

it is clearly applicable to the vehicle to which the damage was sustained, there is no obligation on the part of the appellant insurer to indemnify any person for damages to this vehicle. *Cullen v. Travelers Ins. Co.* (1934), 214 Wis. 467, 470, 253 N. W. 382.

Plaintiff asserts that the exclusion is not permissible because of sec. 194.41, Stats., which contains certain provisions governing insurance policies in effect with common or contract motor carriers and provides:

". . . the indemnitor shall be directly liable for and shall pay all damages for injuries to . . . property that may be recovered against the owner . . . of each such motor vehicle by reason of the negligent use or operation thereof. . . ."

It is our opinion that this section deals strictly with public-liability insurance. It is intended to protect users of the highway against damage from an assured with whom they have no relationship.

It is stated in sec. 194.02, Stats.:

*"Legislative intent.* It is hereby declared to be the purpose and policy of the legislature in enacting chapter 194 to confer upon the motor vehicle department and the public service commission the power, authority and duty to supervise and regulate the transportation of persons and property by motor vehicles upon or over the public highways of this state in all matters, whether specifically mentioned herein or not, so as to protect the safety and welfare of the traveling and shipping public in their use of the highways; . . ."

It is clearly set forth: "to supervise and regulate the transportation of persons and property by motor vehicles . . . so as to protect the safety and welfare of the traveling and shipping public in their use of the highways." It can hardly be said that the protection of the insured vehicles used in the transportation of goods is included in the confines of this section. It follows that the accident here in question is not within the contemplation of the policy of insurance and is not

to be construed under sec. 194.41, Stats. That section does not cover damages caused to vehicles under the control and supervision of the operator or his agents.

Collision insurance is defined in Sunderlin, Automobile Insurance, p. 348, sec. 705, as follows:

"The collision coverage is seldom, if ever, used by itself alone. Rather, it is used as an indorsement on the fire or public-liability automobile policy. The collision indorsement usually covers *'against actual loss or damage to the automobile insured,* including its operating equipment, if caused solely by accidental collision with another object, excluding, however, loss or damage caused directly or indirectly by fire, and loss or damage to any tires due to puncture, cut, gash, blowout, or other ordinary tire trouble, and excluding in any event loss or damage to any tire unless caused in an accidental collision which also causes other loss or damage to the insured automobile.' "

The appellant's policy under which recovery is sought insures the damaged vehicle for public-liability loss. It does not insure this vehicle for collision losses. The latter would be a separate and distinct policy of insurance coverage.

Sec. 194.41 (1), Stats., provides further: "Such liability may be restricted so as to be inapplicable to damage claims on account of injury to property transported." This gives the insurer the right to exclude persons in privity of contract with the assured—those persons whose goods the insured is intrusted with for carriage. The assured has a contractual duty to those persons in the form of an implied warranty to deliver the goods in safe and sound condition. The plaintiff herein is in much the same position. Both have contracted with the assured and both have a right of action against him for breach of implied warranty if their respective goods and vehicles are damaged.

Under the terms of the policy and the general law applicable, there is no liability on the part of the appellant to the plaintiff. Sec. 194.41, Stats., does not make the exclusions in the policy inapplicable for that section protects third-party

users of the highway under a public-liability policy and does not permit recoveries based on the grounds that this suit has been instituted. In view of our decision, no useful purpose would be served in discussing appellant's further contentions.

*By the Court.*—That part of the order of January 23, 1950, denying the motion of the defendant, American Fidelity & Casualty Company, Inc., for summary judgment in its favor is hereby reversed, and cause remanded with instructions to grant a judgment dismissing the complaint of plaintiff, Jack Faust, against said defendant; and that part of the order denying the motion of the plaintiff for summary judgment in its favor against the said defendant is hereby affirmed.

The following memorandum was filed September 6, 1950:

MARTIN, J. (*on motion for rehearing*). This case is remanded for trial. No issue is foreclosed by the decision of this court, and the opinion does not and was not intended to state the law of the case.