## 17607

Francis R. PARDEE, Jr., and Beatrice C. Pardee, Respondents, v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK,
Appellant

(112 S. E. (2d) 497)

*Messrs. Fulmer & Barnes,* of Columbia, *for Appellant,*

*Messrs. A. Ray Hinnant, Clarke W. McCants, Jr.,* and *J. Wesley Drawdy,* of Columbia, *for Respondents,*

January 28, 1960.

TAYLOR, Justice.

This appeal from the County Court of Richland County arises out of a complaint embodying two causes of action. In the first cause of action, plaintiffs sought to recover un-

der the liability provisions of a policy of insurance issued by defendant, covering one 1954 Buick automobile, in which the "named insured" was defined as the person named on the policy including his (her) spouse. In the second cause of action, they sought damages for improper cancellation of said policy.

While the automobile in question was being driven by plaintiff, Mrs. Beatrice C. Pardee, the accelerator stuck causing her to run into the garage damaging same in the amount of $350.00. Claims were filed for glass breakage of the car and for damage to the garage. Defendant paid the $125.30 for glass breakage under the comprehensive clause but refused to pay for damage to the garage upon the grounds that such damage was excluded under the exclusions in the policy.

The determination of the first question presented will depend upon construction of the following provisions of the policy:

"Part 1—Liability

"Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability.

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

"B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; 'arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient. * * *'

"Exclusions

"This policy does not apply under Part 1 : * * *"

"(g) to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured, other than a residence or private garage. * * *"

"Conditions

"(Unless otherwise noted, the conditions apply to all Parts)

*    *    *

"6. Action Against Company—Part 1. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

Plaintiffs contend that "a residence or private garage" is excluded from the exclusions, therefore, covered under the policy, while defendants contend that "a residence or private garage" is excluded from the exclusions only when such residence or private garage comes within the definition of "property rented to or in charge of the insured." This precise question has not heretofore been before this Court, but the following cases are of interest: *Speier v. Ayling* (*Penn-*

*sylvania Threshermen & Farmers' Mut. Casualty Ins. Co.,* 158 Pa. Super. 404, 45 A. (2d) 385; *Wyatt v. Wyatt,* 239 Minn. 434, 58 N. W. (2d) 873; *Faust v. Dawes,* 257 Wis. 353, 43 N. W. (2d) 365; *Central Coat, Apron & Linen Service, Inc. v. Indemnity Insurance Co. of North America,* 136 Conn. 234, 70 A. (2d) 126; *Purcell v. Metropolitan Cas. Ins. Co. of New York,* Tex. Civ. App., 260 S. W. (2d) 134; and Annotation 131 A. L. R. 1105.

Another provision appearing in the policy is that the Company agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * *." Ordinarily one does not become legally obligated to pay himself for damages. He may become legally obligated to someone to make repairs thereon but not legally obligated to pay to himself the amount of damages incurred.

The words "other than a residence or private garage" when considered in conjunction with "property rented to or in charge of the insured" provide coverage that the insured would not have had otherwise. This we feel was the intention of the parties and are of the opinion that the words "other than a residence or private garage" do not apply to such property owned by the insured but were intended to provide coverage to the policyholder in case of liability for damage to "property rented to or in charge of the insured"; that defendant's motion for a nonsuit as to the first cause of action should have been granted.

The Trial Judge granted defendant's motion for a nonsuit as to punitive damages in the second cause of action, and defendant contends he erred in refusing the motion as to actual damages and in submitting the case to the jury in that there was no wrongful cancellation of the policy and no evidence of damages occasioned by the cancellation. The policy provided for cancellation by either party upon giving ten days' notice. Defendant gave plaintiffs such notice, stating erroneously therein that the premium had not been paid. Mrs. Pardee, by letter, replied that the premium had been paid and further stated, "Demand is

hereby made that you refund to me immediately the amount which is due for the unexpired term under this policy and I am expecting same without delay." In reply thereto, defendant complied with the demand by mailing her a check for the unearned premium which plaintiffs thereafter refused to accept. It is evident that Mrs. Pardee demanded return of the unearned premium but changed her mind after her demand had been complied with by defendant.

Further consideration of the record reveals that there was no evidence of actual damages to submit to the jury. There is testimony to the effect that most applications for this type of insurance coverage contain the question of whether applicant has had other insurance canceled by another company and the witness thought that insurance having once been canceled would make it more difficult to obtain other insurance. Mr. Pardee testified that shortly after cancellation of this policy, he had "trouble" concerning another policy but does not state the nature of the trouble or the difficulty, if any, he had in obtaining other insurance. The damages, if any, suffered by plaintiffs is left to surmise and conjecture. There is no question but that either party had the right to cancel the contract upon giving the other ten days' notice and that the plaintiff, by way of letter, after receiving defendant's notice of cancellation demanded the immediate return of the unearned premium, to which demand defendant complied immediately. In so doing it was acting within the provisions of the policy and within its rights. See *Taylor v. United States Casualty Company*, 229 S. C. 230, 92 S. E. (2d) 647; *United States Casualty Co. v. Hiers*, 233 S. C. 333, 104 S. E. (2d) 561.

For the foregoing reasons, we are of opinion that the verdict and judgment appealed from should be set aside and judgment entered in favor of the defendant; and It Is So Ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.