STEHLICK, Respondent, vs. THE MILWAUKEE MECHANICS' IN-
SURANCE COMPANY, Appellant.

*March 1 — March 16, 1894.*

*Insurance against fire: Oral agreement to insure: Agency.*

1. A valid parol agreement to insure property may be made without
   delivery of the written policy, and without payment of the premium,
   providing the terms are definitely fixed.
2. Under sec. 1977, R. S., a solicitor of insurance is an agent of his com-
   pany "to all intents and purposes," and as such may bind the com-
   pany by an agreement to insure, in the absence of notice to the
   insured of any limitation of his authority.

APPEAL from the Superior Court of *Milwaukee* County.
Action to recover damages for breach of an alleged con-
tract to insure plaintiff's property. The plaintiff alleged,
and offered evidence tending to show, that on or about
August 22, 1892, she made a contract with one Kaplan, a
solicitor of insurance for defendant, by which he agreed
that defendant would insure her household goods against
loss by fire, for the sum of $650, for the term of three
years, at the rate of ninety cents per $100, which premium
she agreed to pay on delivery of the policy; that there-
after she offered to pay the premium, but that no policy
was ever delivered to her. The property was destroyed
by fire October 28, 1892. The defendant admitted that
Kaplan was its soliciting agent, but alleged that he had no
power to make contracts of insurance, issue policies, or
collect premiums, and denied that it ever made any con-
tract to insure plaintiff's property. Kaplan admitted, as a
witness, that he had conversation with the plaintiff about
insurance on the property, but denied that he made any
contract of insurance or took her application therefor.
Upon the trial the jury rendered the following special
verdict: "(1) Did the plaintiff make and enter into an

agreement with the agent of the defendant, by which it was agreed that her property should be insured against loss or damage by fire for the sum of $650, at a premium rate of ninety cents per hundred, for the term of three years from the 22d day of August, 1892? *Answer*. Yes. (2) Did Franz Kaplan, the solicitor for the defendant company, inform the plaintiff that he was not authorized to fix the rate of premium for the insurance upon her property? *A*. No. (3) Did the plaintiff offer at any time to pay to the agent of the defendant, Franz Kaplan, the premium upon a policy of insurance for the insurance of her property? *A*. Yes. (4) What was the value of the property of the plaintiff at the time of its destruction by fire? *A*. $700. (5) Was the plaintiff the owner of the property that was destroyed, at the time of its destruction? *A*. Yes. (6) If the court shall be of the opinion that plaintiff is entitled to recover, at what sum do you assess her damages? *A*. $650." From judgment for plaintiff on the verdict, defendant appealed.

*C. A. Koeffler, Jr.*, for the appellant.

*K. Shawvan*, for the respondent.

WINSLOW, J. This action seems to have been fairly tried and submitted to the jury. There is no doubt but that a valid parol agreement to insure property may be made without delivery of the written policy, and without payment of the premium, providing the terms are definitely fixed. May, Ins. (3d ed.), §§ 22, 23, 43, 43*a*, 565. The plaintiff's evidence in support of such an agreement was quite clear, and the jury found, under substantially proper instructions, that it was in fact made. It was admitted that Kaplan was a solicitor of insurance for the defendant. Being such, he must be held, under sec. 1977, R. S., an agent of the company " to all intents and purposes." If he was an agent to all intents and purposes, he certainly

had power to bind the company by an agreement to insure. It is not claimed by defendant that plaintiff had any notice that Kaplan's power as agent was limited to the soliciting of insurance. The only claim made is that Kaplan told her he could not fix rates. This is denied by the plaintiff, and the verdict sustains her contention. Thus the finding is, practically, that the plaintiff had no notice of any limitation on the agent's authority. Certainly, under these circumstances, it must be held, under sec. 1977 above cited, that Kaplan could make a valid contract for insurance, binding on the defendant company, whatever might be the limitations of his powers as between himself and the company.

The amount of the damages is complained of. There is some evidence that the property destroyed was worth from $650 to $800, and no evidence to the contrary. Therefore the jury were certainly justified in finding it worth $700. If it was worth $700, certainly the damages were properly assessed at $650, the amount for which Kaplan agreed to insure it.

We have not noticed in detail all the points made by the appellant, but we think the foregoing remarks substantially cover them. We find no error in the record.

*By the Court.*— Judgment affirmed.

As to the validity of a parol agreement for insurance, see *note* to *Newark Machine Co. v. Kenton Ins. Co.* (Ohio), in 22 L. R. A. 768.—REP.