ANDERSON, Respondent, vs. INDIANA LIBERTY MUTUAL INSURANCE COMPANY, imp., Appellant.

*February 6—March 6, 1934.*

For the appellant there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *A. W. MacLeod*.

*W. T. Doar* of New Richmond, for the respondent.

WICKHEM, J. The question here relates to the validity of a contract of insurance consummated by an agent of defendant with plaintiff. Plaintiff was the owner of a truck and feed mill. H. W. Webster resided in Amery and did a general insurance business, representing several companies, including defendant. His contract as agent for defendant authorized him to solicit applications for insurance and to collect premiums on business insured. The contract provided that Webster should not have power, on behalf of the company, to make, alter, or discharge any contract or incur any debt or liability against the company.

Prior to November 24, 1931, plaintiff made inquiries of Webster as to the cost of insuring his feed mill and truck, and on November 24, 1931, instructed Webster to insure them. Webster thereupon made out an application to defendant for a policy covering the truck to the extent of $75, and the mill to the extent of $1,500. He signed plaintiff's name to the application and a policy was issued by defendant. On December 21, 1931, an indorsement was attached to the policy reciting that "in consideration of the return premium of $24, it is hereby agreed and understood that the fire and tornado coverage is canceled from this policy." This indorsement was put on at plaintiff's request. On December 31, 1931, a second indorsement was attached to the policy providing that "in consideration of the additional premium of $1.08, it is hereby agreed and understood that the policy is extended to cover fire and tornado on the above described truck." On January 19, 1932, Anderson asked defendant Webster to write $1,500 fire and tornado insur-

ance on the mill, and paid Webster $10 at that time. Webster gave plaintiff a memorandum which reads as follows:

Amery, Wis., Jan. 6, 1932.

Mr. Arnie Anderson,
    Deronda, Wis.

In Account With
Webster Insurance Agency
H. W. Webster

| Amery | Phone 80–2 | Wisconsin. |
|---|---|---|
| Nov. 24–31 | Indiana Liberty | $19.58 |

ALHIL 147–P1 & Pd & $75.00 Fire & Tornado on truck.

| Jan. 19–32 | By cash | $10.00 |
|---|---|---|

Paid
H W W

Jan. 19–1932. It is understood that fire insurance in the amount of fifteen hundred dollars is accepted on the Gehl Feed mounted on Ford truck.

H. W. WEBSTER, Agent,
Indiana Liberty Mutual Ins. Co.

At the time of delivering this memorandum Webster stated that the insurance would take effect at once. A fire occurred on January 20, 1932, and partially destroyed the mill and truck. The jury found that at the time of issuing the memorandum Webster was authorized to write fire insurance for defendant; that he was not acting as agent of plaintiff to procure the insurance in question; that the policy of November 24, 1931, was delivered to plaintiff; that defendant, on December 31, 1931, agreed to insure plaintiff's truck and feed mill against loss by fire; that defendant agreed with plaintiff to be bound by any acts of defendant Webster relative to insurance on the truck and mill after the fire coverage had been canceled prior to December 31, 1931; that defendant received money for fire coverage on plaintiff's truck and mill after the fire coverage had been canceled prior to December 31, 1931; that defendant Webster agreed with plaintiff that defendant company should be bound for fire coverage on the truck and mill after the cancellation hereto-

fore referred to, and that Webster received money from plaintiff for fire coverage at this time.

Upon these facts defendant contends that Webster, being merely a soliciting agent, had no authority to conclude an oral or otherwise informal contract of insurance with plaintiff, and that the case is ruled by *Chamberlain v. Prudential Ins. Co. of America,* 109 Wis. 4, 85 N. W. 128; *Sachs v. North American Life Ins. Co.* 201 Wis. 537, 230 N. W. 612, and *Kauphusman v. Home Mut. H.-T. Ins. Co.* 203 Wis. 184, 233 N. W. 85. There is a material distinction between these cases and the case at bar. In each of the cases relied upon by defendant, a soliciting agent, in contravention of the terms of an application signed by plaintiff, agreed orally to give immediate coverage to the insured. It was held that such an agent had no power to waive the terms of the written application and to conclude an oral contract of insurance with plaintiff. In this case no such circumstance appears. The evidence supports the finding, and in fact it is not contested, that Webster was an agent of defendant. Plaintiff signed no application for insurance, nor did he have brought home to him in any manner the limitations upon Webster's authority imposed by the contract of agency. In fact the original insurance, as well as two important modifications of it, one of them involving the return of a substantial premium, had been effectively accomplished by oral negotiations between plaintiff and Webster. In *Stehlick v. Milwaukee Mechanics' Ins. Co.* 87 Wis. 322, 58 N. W. 379, it was said:

"Under sec. 1977, R. S. (now sec. 209.05), a solicitor of insurance is an agent of his company 'to all intents and purposes,' and as such may bind the company by an agreement to insure, in the absence of notice to the insured of any limitation of his authority."

The rule of this case is applicable to the facts here presented, and compels an affirmance of the judgment.

*By the Court.*—Judgment affirmed.