APOSTOLIS HASTALIS *v.* FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J.

(No. 8216)

Submitted March 3, 1936. Decided March 17, 1936.

*Robert R. Wilson,* for plaintiff in error.

*Steptoe & Johnson, James M. Guiher, Haymond Maxwell, Jr.,* and *William F. Wunschel,* for defendant in error.

212

WOODS, JUDGE:

This is a statutory action in assumpsit to recover for the total loss of certain property during the policy term. The primary issue raised by the pleading is: Was the policy in force at the time of the fire? The jury answered in the affirmative. Plaintiff prosecutes error to the action of the trial court in setting aside the verdict.

The plaintiff, on January 12, 1932, took out a policy in defendant company in amount of $2,000.00, and a policy for $1,000.00 on adjoining property in another company, through Stuart-Lowe Company, a local insurance agency. The premium for both policies totalled $51.10. A payment of $10.00 was made upon receipt of the policies, and a like payment on April 1, 1932. On May 20, 1932, separate notices of cancellation of both policies were sent out over the name of Stuart-Lowe Company, the notice on the defendant company's policy being sent at the direction of the latter's state agent. Hastalis took the policies and the notices to the local agency, and, according to his testimony, inquired concerning the meaning of the notices. The testimony of the insured, the bookkeeper and Mr. Stuart regarding what was done and said with respect to plaintiff's insurance is at best very contradictory. Plaintiff contended that Mr. Stuart directed him to disregard the notices, assuring him that everything would be all right. There was some question as to when the third payment of $10.00 was paid. It appears, however, that the last $21.10 was paid on June 17, 1932, and that the plaintiff, at that time, was presented with two binders, in the sums of .$2,000.00 and $1,000.00, respectively, in other companies, with the explanation that they were as good as policies. On June 27, 1932, the plaintiff received a confirmation notice of cancellation, under date of June 24, 1932, from the home office of defendant company. After the fire, which occurred on July 21, 1932, the two binders, together with a policy in another company, were presented to an adjuster, who informed plaintiff that the coverage represented by the binders had expired and

that the same were of no value. Hastalis thereupon made a fruitless demand upon Stuart for his original policies. Some months later demand was made upon defendant, on the theory that the plaintiff had been misled through representations of Stuart-Lowe Company, into believing that he was covered by his original policies; and upon the defendant's denial of liability, the present action was instituted. The unearned premium has not been returned, nor had the same been demanded. The record before us was made on the third trial, juries having failed to agree on two previous occasions.

Cancellation, according to the terms of the policy, may be had at any time by the company "by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired time, which excess, if not tendered, shall be refunded on demand." It is further provided therein that the notice of cancellation "shall state that said excess premium (if not tendered) will be refunded on demand."

In view of the fact that a return of the unearned portion of the premium is not made a condition precedent by statute, it appears that the insurer effected a cancellation under the terms of the policy. Such being the case, the mere fact that Stuart-Lowe Company later received and accepted further payments from the plaintiff for fire insurance on the same property described in the firemen's policy could not of itself amount to a revival or reinstatement of the policy declared on. It is well recognized that an agent, in the absence of special authority, may not revive a policy which the company has cancelled. 26 C. J. 144, sec. 170, citing, *Colonial Assur. Co.* v. *National Fire Ins. Co.,* 110 Ill. App. 471; *Hartford Fire Ins. Co.* v. *Reynolds,* 36 Mich. 502. As stated in the last cited case: "To revive a cancelled policy already rejected by the company, would require evidence of authority in the agent to rescind or recall the action of his principal, which could not be presumed, and would also require clear proof of an understanding that that specific act was intended to be done." In view of the foregoing, it

became incumbent upon plaintiff, in order to effect a revival or re-instatement, to show by clear and convincing evidence that Stuart-Lowe Company, in accepting the remainder due on premiums from the plaintiff, affirmatively represented to or led the latter to believe, that it was then undertaking and agreeing to put the original policy of the defendant company back into effect, and that Stuart-Lowe Company then and there had authority so to do. The record is silent as to any such authority having been invested in Stuart-Lowe Company. The trial court was therefore warranted in setting aside the verdict and awarding the defendant a new trial. The judgment is therefore affirmed.

*Affirmed.*