Carlson, Plaintiff and Respondent, vs. Grimsrud, Defendant and Respondent: Central Mutual Insurance Company, Defendant and Appellant.

*November 9, 1936—February 9, 1937.*

562

For the appellant there was a brief by *Hughes & Anderson* of Superior, and oral argument by *R. E. Anderson*.

For the respondent Carlson there was a brief by *Crawford & Crawford* of Superior, and oral argument by *R. G. Crawford*.

For the respondent Grimsrud there was a brief by *Hanitch, Johnson, Fritschler & Barstow* of Superior, and oral argument by *John C. Fritschler*.

The following opinion was filed December 8, 1936:

FAIRCHILD, J.   The finding by the trial court that on August 3, 1935, the appellant at the request of respondent agreed to issue a policy of insurance effective on that date, insuring against loss for legal liability on account "of the operation of the automobile owned by the said George Grimsrud to the extent of five thousand dollars ($5,000) for injuries to one person and ten thousand dollars ($10,000) for injuries to more than one person, and without exclusion from the insuring agreement on account of the fact that the injured person was an occupant of the insured automobile" is sustained by evidence which sufficiently discloses the presence of all the essentials of a contract for insurance.   The wisdom of invoking great caution in permitting oral contracts of insuranec to be established is recognized and full scope and effect is given to the rules the purpose of which is to prevent imposition.   It is essential that the minds of the persons representing the two sides of the matter shall consentiently meet upon the major propositions constituting the contract to accomplish the result desired, "involving mutual obligations for future performance, or a consideration moving *in præsenti* from one to the other as an equivalent for something later to be rendered by such other or some person to the former or some one."   *Whitman v. Milwaukee Fire Ins. Co.* 128 Wis. 124, at p. 129, 107 N. W. 291; *Kiviniemi*

*v. American Mut. L. Ins. Co.* 201 Wis. 619, 231 N. W. 252; *Journal Co. v. General Acc., F. & L. Assur. Corp.* 188 Wis. 140, 205 N. W. 800. As to what was agreed between the parties on August 3d, there is no dispute. The time of the commencement of the risk, the amount of the insurance, and the coverage, which are among the prime essentials, were fully understood and agreed upon by the respondent and the representative of the appellant. The evidence is to the effect that respondent on that day at the agent's office requested of the agent the issuance of a "full coverage policy" to cover his truck "for full liability." The conversation between the parties occurred about 3 o'clock in the afternoon of that day, and the agent told respondent that he "was protected from that time on, 'Starts immediately.' " The agent testified that his interpretation of the policy was that it covered all liability which might be passed on to Grimsrud up to five and ten thousand dollars; that that was what Mr. Grimsrud ordered and what the agent intended to deliver.

Appellant concedes that the agent was its representative, although he was only a soliciting agent, and recognizes the rule under sec. 209.05, Stats., which makes the soliciting agent under circumstances present here an agent of the Insurance Company to all intents and purposes. *Welch v. Fire Association,* 120 Wis. 456, 98 N. W. 227; *Anderson v. Indiana Liberty Mut. Ins. Co.* 214 Wis. 384, 253 N. W. 405.

The written contract was not delivered until after the accident, and was then almost immediately withdrawn by the company, so that there cannot be said to be an acceptance of it. Hence no occasion exists here for invoking reformation, since the contract established was the only one in force, and, under the circumstances of this case, sufficiently protects the respondent. The respondent cannot be deprived of the advantages stipulated for by the parties. If any written policy is issued, it must embody the factors then engaged for by re-

spondent and promised by appellant. The form of the judgment, while speaking of reformation, goes no further than establishing the particular contract and in substance provides the correct result.

We hold that the contract as entered into on August 3d became effective then as agreed, and that the respondent is entitled to relief by judgment.

Appellant's assignment of error that respondent was not entitled to recover attorney's fees and costs falls because the evidence sustains the finding of a contract to protect the insured against those expenses. The appellant, by taking the position that there was no contract to insure against this liability, refused to comply with that part of the contract, and because of this breach, respondent was necessarily put to the expense of employing counsel. The court found the value of the services; the reasonableness of the amount is not questioned.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 9, 1937.