HALVORSEN, Administratrix, Respondent, vs. PETERSON and others, Defendants: WISCONSIN MUTUAL INSURANCE COMPANY, Appellant.

*October 11—November 9, 1938.*

222

[REDACTED]

For the appellant there was a brief by *Lee & Boesel* of Madison, and oral argument by *John T. Boesel.*

For the respondent there was a brief by *Franklin E. Fogo,* and oral argument by *Mr. Fogo* and *Mr. Van R. Coppernoll,* both of Richland Center.

FOWLER, J.   It appears from the complaint that Clarence Halvorsen was killed in an automobile accident through the negligent driving by Bernard Peterson of a truck owned by Lester Peterson; that Bernard was driving the truck as agent of Lester; and that Bernard Peterson had as the agent of Lester orally contracted with the agent of the defendant Insurance Company "for" insurance for the term of six months indemnifying Lester Peterson against damages caused by the negligent operation of the truck; that $24 was paid by Bernard to the agent of the defendant company for such insurance; and that the insurance contracted for "was to take effect immediately" after October 6, 1937.   The collision occurred within the six months' period; the defendant Insurance Company was engaged at the time the contract "for" insurance was made in the business of issuing for a consideration indemnity policies of the nature contracted "for" with its agent; and the plaintiff complied with all conditions precedent necessary to secure the insurance contracted "for."

The defendant Insurance Company is sued with the Petersons on the theory that a contract of insurance existed between Lester Peterson and the defendant Insurance Company indemnifying Peterson against the damages resulting from the negligence of his agent in driving.   The joinder of an insurer with the operator of an automobile in a suit for

damages to the plaintiff resulting from the negligent operation of the automobile is authorized by sec. 260.11, Stats.

Parol contracts of insurance are recognized in this state. *Whitman v. Milwaukee Fire Ins. Co.* 128 Wis. 124, 107 N. W. 291; *Kiviniemi v. American Mut. L. Ins. Co.* 201 Wis. 619, 231 N. W. 252; *Carlson v. Grimsrud,* 223 Wis. 561, 270 N. W. 50.

We think that under the rule of the two cases last above cited which involved oral contracts of indemnity insurance covering automobiles, the complaint, liberally construed, states facts sufficient to show that a contract "of" insurance existed between the defendant Insurance Company and that the Insurance Company is properly joined as a defendant. The objection of appellant is that the complaint only alleges a contract "for" insurance, that the defendant Insurance Company is not liable unless a contract "of" insurance exists, and that a contract "for" insurance is not a contract "of" insurance. While a contract "for" insurance made with an insurance broker to procure a contract "of" insurance does not create a contract "of" insurance, a contract "for" insurance made directly with an agent of a particular insurance company "for" insurance with that company to go into effect immediately creates a contract "of" insurance with that company. The payment of the premium to the agent was payment to the company, the agreement of the agent was the agreement of the company. This coupled with the allegation that the insurance contracted for was to take effect immediately seems to us to show that a contract "of" insurance was created.

*By the Court.*—The order of the circuit court is affirmed.

Fairchild, J. (*dissenting*). The plaintiff attempted to state a cause of action based on a parol contract of insurance. No written policy is in existence. Do the allegations of fact go farther than to show that the plaintiff negotiated

for an agreement to issue a policy? Do they show a completed contract?

In order for the plaintiff to have a cause of action against the Insurance Company, there must be a contract binding it to insure, and taking effect *in praesenti*. This contract must be definite and certain, and the parties must have agreed on all the essential terms.

The allegations tending to show that the company had bound itself to insure the owner of the truck are meager. True, the complaint says, by way of conclusion, that the truck was insured, that the defendant Wisconsin Mutual Insurance Company by its agent entered into a contract for insurance, and "that assured, as plaintiff is informed and believes complied with all conditions precedent necessary to secure the insurance contracted for." Passing over these conclusions of law, I find nowhere sufficient allegations of fact to show that there was a present contract of insurance. Apparently the negotiations, which began in October, 1937, were not completed by February 4, 1938, when the accident occurred.

The statute provides for joining the Insurance Company, but I feel that it is unfair to permit such joining unless it is clear from facts alleged in the complaint, and not merely from conclusions of law stated therein, that there was a present contract of insurance in existence at the time of the accident. I doubt whether the legislature intended to provide for trying in one action both the issue of negligence and a difficult question as to the existence of a parol contract of insurance.