PFUEHLER, Plaintiff, vs. GENERAL CASUALTY INSURANCE
COMPANY and another, Defendants.   [Two appeals.]

*October 8—November 4, 1941.*

For the plaintiff there was a brief by *O'Keefe & Miller* of Portage, and oral argument by *Arno Miller*.

For the defendant General Casualty Insurance Company there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Lawrence E. Hart*.

For the defendant Northwestern National Casualty Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham*.

FOWLER, J.   The plaintiff Pfuehler was injured on October 6, 1940, in a collision with an automobile owned by Mrs. Newton to whom the defendant, General Casualty Insurance Company, had issued its policy indemnifying the driver of the automobile against loss sustained through its operation which was in force at the time of the collision.   The plaintiff sued the driver of the car and the General Casualty Insurance Company to recover for injuries sustained in the collision,

alleging the issuance of the policy and the negligence of the driver. The plaintiff in his complaint also alleged that Mrs. Newton also had a policy of the Northwestern National Casualty Company in force at the time of the collision and demanded judgment for his damages against this company also.

The General Casualty Insurance Company by its answer admitted that it had issued to Mrs. Newton its policy limiting its liability to $5,000 and that the policy was in force at the time of the collision. But it alleged in partial defense that the policy contained a clause to the effect that if the owner should have any other insurance during the term of the General Casualty Insurance Company's policy the General Casualty Insurance Company should thereby become liable for no greater proportion of a loss than the limit of its liability as expressed by the policy should bear to the total limit of liability expressed by all policies in force at the time of loss, and that there was a policy of the Northwestern National Casualty Company on said car in force at the time of the accident, and demanded that if judgment were entered against the General Casualty Insurance Company it should be for an amount proportional according to the terms of its policy.

The Northwestern National Casualty Company denied by its answer that it had any policy in force at the time of the accident, but alleged that on October 5, 1940, the husband of Mrs. Newton called at the office of its agent at Portage and stated that the policy of Mrs. Newton was about to expire and that she desired a policy to begin on its expiration, but he did not know the exact date of the expiration; that the agent told him the company would issue such a policy; that it was afterwards learned that the General Casualty Insurance Company's policy would expire on October 9th, and that for the purpose of correcting the date of commencement of the policy an indorsement was made upon the policy fixing such date of commencement instead of October 5th, the date of the application, which had been entered on the policy when written at the

home office of the Northwestern National Casualty Company as the date of the commencement of the term of the policy.

The case was tried to the court without a jury. Negligence of the driver of the car and the plaintiff's damages were stipulated. The court found that on the afternoon of October 5th, the husband of Mrs. Newton, the owner of the car, applied to the Northwestern National Casualty Company's agent for a policy and paid forty per cent of the premium, and that the agent of the company and the husband, as agent of his wife, then entered into a valid oral contract of insurance to become effective on expiration of the General Casualty Insurance Company's policy. The further evidentiary facts found as supporting the oral contract are that the agent late on October 5th prepared an application for insurance which Newton did not see and which was not read to him, and of which he did not know the contents; that the application stated the coverage was to begin October 5th, instead of providing that it should begin on the expiration of the General Casualty Insurance Company's policy; that the company at its home office on receipt of the application wrote and sent to its agent for delivery to the insured a policy fixing October 5th, noon, as the date of the commencement of the term of the policy; that before the policy was delivered by the agent to Mrs. Newton the agent received information that a collision had occurred on October 6th, and that when the agent afterwards reported the facts to his company and that the General Casualty Insurance Company's policy expired on October 9th, the Northwestern National Casualty Company indorsed that date on the policy as its commencement date to conform the policy to the oral agreement, and that the policy was so indorsed before it was delivered to Mrs. Newton.

The testimony plainly supports the oral agreement. There is no dispute as to what was said between Mr. Newton and the agent when the application for the policy was made or as to what was done about the policy thereafter. The policy was

signed by the agent on receiving the policy from the company's home office on October 7th. The indorsement is dated October 9th. The policy was delivered to Newton about October 24th.

On the facts found the trial court concluded that the policy of the Northwestern National Casualty Company did not go into effect until October 9th and entered judgment dismissing the complaint against that company.

The trial judge in an opinion filed cites no Wisconsin case holding that an oral contract for insurance is valid, but held that such contract is valid under the general rule that contracts may be conditioned on the happening of a future event, the happening of which is certain but the time of happening is uncertain, and cites 13 C. J. p. 631, and 32 C. J. p. 1101, and the authorities there cited in support of his conclusion. However we held in *Kiviniemi v. American Mut. L. Ins. Co.* 201 Wis. 619, 628, 231 N. W. 252, that "an oral contract for automobile collision indemnity insurance is valid." In *Halvorsen v. Peterson,* 229 Wis. 221, 282 N. W. 60, and *Carlson v. Grimsrud,* 223 Wis. 561, 270 N. W. 50, it is also so held. The appellant, General Casualty Insurance Company, cites the *Kiviniemi Case* in its brief and apparently accepts its rule as established but seeks to avoid it because the company after ascertaining the facts sent an adjuster to investigate the loss. This contention is based on the rule of practical construction of a contract. *Hicks P. Co. v. Wisconsin Cent. R. Co.* 138 Wis. 584, 120 N. W. 512, and *Milwaukee County v. Badger Chair & Furn. Co.* 223 Wis. 118, 269 N. W. 659, are cited in its support. These cases are to the effect that when the meaning of the words of a contract is ambiguous the practical construction given to the contract by the parties acting under it is entitled to much weight in determining their meaning. There is no ambiguity in the language of either the oral contract or the contract written by the company, and we perceive no reason for application of the rule. The act of the adjuster

to have any effect at all would have to rest either upon waiver or estoppel. But a waiver is the intentional surrender of a known right, and there is no evidence to indicate that the Northwestern National Casualty Company intended to surrender anything and it is quite clear that at the time the company did not know what its rights were. It is also quite clear that the adjuster's act did not operate as an estoppel because it did not in any way act to the advantage or disadvantage of any party and did not cause any party in reliance thereon to take any prejudicial action.

There is much in the briefs about delivery of the policy and constructive delivery of it. There was no delivery of the written policy, either actual or constructive, until after the collision occurred. The agent of the company did not and in fact could not receive the policy for delivery to the insured until October 7th. October 5th was Saturday. Late that day the application was made. On Sunday, October 6th, the collision occurred. If the receipt on October 7th by the agent was a constructive delivery to the owner it did not become effective as a delivery until that date. The only contract that was in force on October 6th when the collision occurred was the oral contract, and that was a contract to come into force on October 9th. The facts as to delivery in no wise affect that contract and it is upon that contract that the rights of all parties depend.

*By the Court.*—The judgment of the county court is affirmed. The respondent will tax costs against the General Casualty Insurance Company only.