ALBERT and another, Appellants, vs. HOME FIRE & MARINE INSURANCE COMPANY OF CALIFORNIA and others, Respondents.

*February 7—March 5, 1957.*

284

For the appellants there were briefs and oral argument by *A. L. Skolnik* of Milwaukee.

For the respondents there was a brief by *Bert Cotton* of New York, N. Y., and *Wolfe, O'Leary & Kenney* of Milwaukee, and oral argument by *Mr. Cotton* and *Mr. H. O. Wolfe.*

FAIRCHILD, J. Appellants assert that the circuit court should have received the testimony of Kaufman and Theodore Albert concerning the instructions orally given by Kaufman. Appellants apparently concede that an oral waiver would be ineffective under the terms of the policy, but urge that Kaufman's instructions set up an estoppel *in pais*.

Kaufman's instructions were vague. He said to use the "last fiscal inventory." There was no discussion as to when appellants' "fiscal period" ended. On the other hand, it is clear from the terms of the policy that the actual cash value on the last day of the calendar month is to be reported and that the accuracy and timeliness of the report will affect the amount of insurance in force. Appellants interpreted Kaufman's words as meaning that they should use a September 30th figure in reporting a value as of October 30th. Giving that effect to what Kaufman said would alter the unambiguous provisions of the contract. But the local agent's oral misinterpretation of unambiguous provisions as to coverage

cannot work a modification of the contract by estoppel or otherwise. *Cullen v. Travelers Ins. Co.* 214 Wis. 467, 253 N. W. 382; *Colvin's Baking Co. v. Northwestern Nat. Ins. Co.* 215 Wis. 475, 480, 255 N. W. 268. Appellants cite *Spohn v. National Fire Ins. Co.* 190 Wis. 446, 209 N. W. 725, but the doctrine of estoppel was invoked in that case to prevent a forfeiture and not to alter the provisions of the policy as to coverage. The agent had authority to validate an assignment and had possession of the policy for that purpose, delivered the policy to the assignee, and told the assignee he was "protected," but failed to validate the assignment in writing.

In *Peters v. Great American Ins. Co.* (4th Cir.), 177 Fed. (2d) 773, a reporting type of policy was involved. The insured claimed he had been misled by an agent's erroneous instructions as to computing the value of inventory. The court stated that coverage rather than forfeiture was involved and held there was neither waiver nor estoppel.

We conclude that the circuit court properly excluded the offers of proof.

Appellants also assert that the provisions of the reporting form violate sec. 203.22, Stats., reading in part as follows:

"203.22  COINSURANCE CLAUSES.  Except as otherwise provided by law, no fire insurance company shall issue any policy in this state containing any provision limiting the amount to be paid in case of loss below the actual cash value of the property, if within the amount for which the premium is paid, unless, at the option of the insured, a reduced rate shall be given for the use of a coinsurance clause made a part of the policy."

Appellants point out that the $68,039.85 awarded them by the circuit court is less than the actual cash value of the property lost and less than the agreed $125,000 limitation. They point out that when the final premium was calculated, the $63,000 value reported as of October 30th and the

$175,000 value reported as of November 30th were both included in the average. Therefore they say they paid a premium for an average of $119,000 of coverage up to the time of the fire and that no limitation below that amount is valid. The report of $175,000 as of November 30th was made after the fire and was in fact an overstatement by about $25,000.

Thus we reach the question whether the provisions of the reporting form are forbidden by sec. 203.22, Stats.

This statute was considered in *Newton v. Theresa Village Mut. Fire Ins. Co.* 125 Wis. 289, 104 N. W. 107, and in *Bloch v. American Ins. Co.* 132 Wis. 150, 112 N. W. 45. These cases dealt with versions of a different type of clause, and are helpful only as the general purposes of the statute were discussed. In the *Newton Case,* this court said (p. 297) :

"This provision is not as clear in its meaning as could be wished, but the evident intent is to guaranty that the insured shall, under the circumstances named, receive the full benefit of the amount of the insurance for which he pays."

In the *Bloch Case,* two years later, it was said (p. 164) :

"It is to have application only to cases in which the insurer attempts by stipulation in the policy, or with the policy, without consent of the insured and without reduction of premium, to limit its liability thereon below the amount or face of the policy upon which or for which the insured has paid full premium, and where the value of the goods destroyed is within the amount of such insurance carried on the property."

Under the reporting form, there is nothing to prevent the insured from maintaining full coverage for the value of his stock on hand, if he reports the value as of the close of each month accurately and within the thirty days allowed. Understatement will leave him with less coverage than the

full value of his stock, but will also reduce his premium. Overstatement will result in his paying more premium than required, but, as in the case of understatement, it is his own act which gets him into the difficulty. It does not seem reasonable to conclude that the legislature intended to prohibit an insurer from writing a policy which imposes upon the insured the type of consequences of his own failure to determine and report the true value of his own goods which are imposed by the reporting form.

The reporting form has been considered by several appellate courts. Its purpose was well described in *Peters v. Great American Ins. Co.* (4th Cir.),177 Fed. (2d) 773, 774, as follows:

"Monthly reporting insurance is a device whereby the amount of insurance under the policy fluctuates with the value of the changing stock of merchandise in a going business. It is designed to afford complete coverage and at the same time to avoid the maintenance of insurance in excess of the value of the property insured, so that the amount of the insurance, and the amount of the premium to be paid, are in direct proportion to the value of the goods on hand. Such a policy is obviously more favorable to the insured than a policy for a specified amount where the premium is calculated on the amount of insurance named in the policy although the amount of the risk may be materially less from time to time during the life of the contract."

At page 776 it was said:

"It will be perceived that, within the maximum set by the policy, the amount of the insurance carried, the amount of the premium to be paid, and the extent of the liability of the company under a policy of this kind are controlled by the policyholder."

In *Camilla Feed Mills v. St. Paul Fire & Marine Ins. Co.* (5th Cir.), 177 Fed. (2d) 746, 749, the insured claimed

that a reporting-form policy violated a Georgia statute which provided:

> " 'All insurance companies shall pay the full amount of loss sustained upon the property insured by them: Provided, said amount of loss does not exceed the amount of insurance expressed in the policy; and all stipulations in such policies to the contrary shall be null and void. . . .' "

The court of appeals distinguished between the provisions in the reporting form and "a provision that arbitrarily prevents the insured from recovering the full amount of his loss up to the amount of his policy, the policy being one under which the insurer purports to assume the entire risk of loss."

We are of the opinion that the use of this reporting-form policy is not forbidden by sec. 203.22, Stats., and that the circuit court correctly limited appellants' recovery in accordance with the provisions of the policy, using the incorrect October 30th value reported by appellants in the calculation.

*By the Court.*—Judgment affirmed.