INGALLS, Appellant, v. COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.

*November 1—November 27, 1962.*

234

For the appellant there was a brief and oral argument by *Howard W. Eslien* of Oconto Falls.

For the respondent there was a brief by *Eastman, Faller & Pleger* of Marinette, and oral argument by *Ernest W. Pleger.*

WILKIE, J. The principal issue on this appeal is whether an insurance agent, by his statements in disregard of a cancellation notice sent out to an insured directly by the insurance company, can revoke the cancellation and reinstate the insurance thereby making the insurer liable on the insurance policy. We find, as did counsel, that this is a question of first impression in Wisconsin.

All of the authorities cited by the appellant that do express the general rule that an agent, under the circumstances of each case, can bind an insurance company by an oral agreement with the insured, are distinguishable and not precedent for such a ruling in the instant case.

In *Schomer v. Hekla Fire Ins. Co.* (1880), 50 Wis. 575, 7 N. W. 544, the policy provision against additional insurance was held to be waived by the oral statements of the agent.[1]

In *Kiviniemi v. American Mut. Liability Ins. Co.* (1930), 201 Wis. 619, 231 N. W. 252, we also held that an employee of an agent could commit the insurance company to additional coverage. In *Jeske v. General Accident Fire & Life Assur. Corp.* (1957), 1 Wis. (2d) 70, 83 N. W. (2d) 167, we held that an agent, acting within the scope of his actual or apparent authority may commit his company by his oral agreement, under circumstances where there was mutual mistake by all parties, to modify the insurance contract so as to provide for coverage where a building wall collapsed while the insured was dismantling it.

---

[1] There was a statute, sec. 1977, Stats. 1878 (later sec. 209.05), which expressly made one who acted on behalf of the insurance company its agent. This statute was repealed by ch. 600, Laws of 1955.

None of these cases, or any others that we have examined, support the proposition that an agent, by his own acts, can revoke a written notice of cancellation sent to the insured by the insurer and thereby reinstate the policy.

Other jurisdictions have considered the question. The case of *Williams v. Republic Ins. Co.* (1955), 141 N. Y. Supp. (2d) 870, 286 App. Div. 876, is directly on point. In that case the agent, after the insureds had been confronted with notice of cancellation, told them to "forget about it." The court held the plaintiffs were required to establish that the agent had authority to countermand the insurer's cancellation. The court further stated that proof of an agent's authority to issue policies and collect premiums does not establish the fact that the agent had authority to countermand an insurer's cancellation. The case of *Hastalis v. Firemen's Ins. Co.* (1936), 117 W. Va. 211, 213, 185 S. E. 419, states: "It is well recognized that an agent, in the absence of special authority, may not revive a policy which the company has canceled." [2]

The trial judge here also relied partly on the express provisions of the policy holding that the company will not be bound by any changes in the policy unless expressly approved by the company.

The trial judge stated:

"The second question regarding the statements, agreements, and conduct of the agent is found to have no ef-

---

[2] See also *Colonial Assur. Co. v. National Fire Ins. Co.* (1903), 110 Ill. App. 471, and *Hartford Fire Ins. Co. v. Reynolds* (1877), 36 Mich. 502. These two cases are to the effect that an agent without special authority cannot revoke an insurer's cancellation and that such authority to revoke cannot be presumed.

Also see 6 Appleman, Insurance Law and Practice, p. 776, sec. 4197, which provides: "An agent of the insurer cannot revive a canceled policy unless he has such authority in the specific case; and such authority cannot be presumed."

ficacy in view of the provision of the policy which clearly limited the authority of the agent, and makes his statements or representations ineffective."

The policy provision as to "changes" was as follows:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by indorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

The actual policy provision on "cancellations" was as follows:

"This policy may be canceled by the insured named in Item 1 of the declarations by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing.

"If such insured cancels, earned premium shall be computed in accordance with the customary short-rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

The company made use of this policy provision and unequivocally canceled the plaintiff's insurance. Although

there are situations where the equities will lie in favor of an insured who has relied on the apparent authority of an insurance agent, this is not such a case. A line must be drawn somewhere and when an insurance company revokes a policy and the insured has received written notice of such cancellation in accordance with the policy terms, the insured, seeking revocation of that notice, must make sure that the agent with whom he is dealing has actual authority to countermand this order.

The appellant also contends that the doctrine of estoppel should be invoked against the insurance company. In *Albert v. Home Fire & Marine Ins. Co.* (1957), 275 Wis. 280, 81 N. W. (2d) 549, a local agent had orally misinterpreted to an insured the policy provisions regarding reports and this affected coverage. The court stated, at page 286:

"But the local agent's oral misinterpretation of unambiguous provisions as to coverage cannot work a modification of the contract by estoppel or otherwise. *Cullen v. Travelers Ins. Co.* 214 Wis. 467, 253 N. W. 382; *Colvin's Baking Co. v. Northwestern Nat. Ins. Co.* 215 Wis. 475, 480, 255 N. W. 268."

So too, in this case there is no justification for applying the doctrine of estoppel. The defendant did everything it was required to do under the cancellation provision in the policy and the plaintiff here is attempting to have the oral statements of the agent overcome the express and unambiguous terms of the policy regarding the procedure for valid changes. As we have already stated, the case of *Jeske v. General Accident Fire & Life Assur. Corp., supra,* is clearly distinguishable on its facts.

*By the Court.*—Judgment affirmed.