KAMIKAWA, Appellant, v. KESKINEN and others, Defendants: AMERICAN STANDARD INSURANCE COMPANY, Respondent.

*No. 142. Argued October 29, 1969.—Decided November 25, 1969.*
(Also reported in 172 N. W. 2d 24.)

708

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Robert C. Watson* of counsel, all of Milwaukee, and oral argument by *Mr. Watson.*

For the respondent there was a brief by *Giffin, Simarski, Goodrich & Brennan,* attorneys, and *Alvin A. Stack* of counsel, all of Milwaukee, and oral argument by *Mr. Stack.*

BEILFUSS, J. Was the automobile liability insurance in effect on the day of the accident by virtue of the agent's statement to the insured that if he sent the premium in he was covered?

The plaintiff-appellant points out that in Wisconsin the court has long recognized the validity of an oral contract of insurance.

In *Kiviniemi v. American Mut. Liability Ins. Co.* (1930), 201 Wis. 619, 629, 231 N. W. 252, it is stated:

"Should one before starting on an automobile trip orally request an agent to renew a policy about to expire issued by the agent on his automobile and be assured that it would be attended to, precisely the same reason exists for holding insurance effected as for holding fire insurance renewals effected under like circumstances. Had the collision here involved occurred after the request for and promise of coverage were made and before the writing of and mailing of a rider would customarily be consummated, there would be no hesitancy in holding the coverage of the truck effected." [1]

The respondent argues, and we believe correctly so, that even though oral contracts of insurance are recognized a valid oral contract was not entered into under the facts of this case.

[1] *Also see Stehlick v. Milwaukee Mechanics' Ins. Co.* (1894), 87 Wis. 322, 58 N. W. 379; *Kiviniemi v. American Mut. Liability Ins. Co., supra; Campbell v. Wilson* (1962), 18 Wis. 2d 22, 117 N. W. 2d 620.

The basic elements of a contract, of course, are an offer, an acceptance, and consideration.[2]

The first policy clearly expired January 25th. The sending of the premium constituted a new offer by Keskinen. It was acted upon and accepted by the insurance company pursuant to the terms of the notice the day after the accident. Did the statement by Johnson that if he sent the premium in he was covered change the acceptance date? We think not.

The insurance was substandard or high-risk insurance; the policy issued in November clearly stated (on the declaration sheet and not buried within the policy) that the insurance expired January 25th; the premium notice received by Keskinen prior to the expiration date again set forth the expiration and advised that insurance would not be in force until the premium was received at the home office, and specifically provided it was the date the premium was received, not when it was mailed.

The agent Johnson clearly had no authority to waive premiums, nor to extend coverage dates or even issue binders without the payment of a premium.

The trial court was of the opinion that the rule of *Ingalls v. Commercial Ins. Co.* (1962), 18 Wis. 2d 233, 237, 238, 118 N. W. 2d 178, controls this case. Although *Ingalls* deals with cancellation and this case renewal, we agree it does apply and dictates the conclusion that Johnson did not have apparent authority to commit the company and that Keskinen did not have coverage on January 31st.

We stated in *Ingalls, supra,* at pages 237, 238:

"The company made use of this policy provision and unequivocally canceled the plaintiff's insurance. Although there are situations where the equities will lie in favor of an insured who has relied on the apparent authority of an insurance agent, this is not such a case.

[2] *Briggs v. Miller* (1922), 176 Wis. 321, 186 N. W. 163.

A line must be drawn somewhere and when an insurance company revokes a policy and the insured has received written notice of such cancellation in accordance with the policy terms, the insured, seeking revocation of that notice, must make sure that the agent with whom he is dealing has actual authority to countermand this order."

Though not discussed in the briefs, the issue of estoppel was raised and considered at oral argument. Estoppel, if applicable to the instant case, would be predicated upon the statement of Johnson that Keskinen was "covered" to bar American Standard from denying the issuance of a parol contract of insurance.

The doctrine of estoppel does not apply to this case because its usage would be directed to the creation of a contract of insurance. This court has specifically declined to extend the doctrine to such situations. *See Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 162 N. W. 2d 129; *Shearer v. Dunn County Farmers Mut. Ins. Co.* (1968), 39 Wis. 2d 240, 159 N. W. 2d 89; *Harris v. Knutson* (1967), 35 Wis. 2d 567, 151 N. W. 2d 654; *Maryland Casualty Co. v. Industrial Comm.* (1939), 230 Wis. 363, 284 N. W. 36.

In agreement with the principle that estoppel cannot be used to create a contract of insurance is a recently revised edition of 16A Appleman, *Insurance Law and Practice,* pp. 339, 340, sec. 9090, where it is stated:

"Insurance contracts cannot be created by estoppel. That doctrine cannot be invoked by an insured to create a primary liability of the insurer for which all elements of a binding contract are necessary."

*By the Court.*—Judgment affirmed.