FRED C. WILLSON, APPELLEE, V. GERMAN AMERICAN INSURANCE COMPANY, APPELLANT.

FILED APRIL 3, 1914. No. 17,640.

1. Insurance: PLEADING AND PROOF: VARIANCE. In an action against an insurance company to recover for loss by fire, the petition alleged that the contract was that the insurance should be in full force from noon of a certain day. The evidence was that it was agreed that the insurance should be in force from the time of the agreement, which was between 8 and 9 o'clock of the forenoon of the said day. The loss by fire was several days later. *Held*, That the supposed variance between the allegations and proof was immaterial.

2. ———: RENEWAL: ORAL AGREEMENT: EVIDENCE: AUTHORITY OF AGENT. The parties to a contract of fire insurance may agree orally to renew such contract on the same terms for another year. The evidence in this case, stated in the opinion, is *held* to support the finding of the jury that the defendant agent so contracted with the plaintiff, and that the agent acted within his ostensible authority in making such contract.

3. ———: ———: AUTHORITY OF AGENT: ESTOPPEL. If the local agent of a fire insurance company has by agreement renewed a policy of insurance from year to year, and such agreement has been acted upon by the company, the fact that the insured knew that the agent had no authority to waive the written conditions of the policy will not estop him to assert that the agent was authorized to so renew the policy.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Burr, Greene & Greene,* for appellant.

*Sullivan & Squires, contra.*

SEDGWICK, J.

The plaintiff was the owner of a stock of general merchandise in the town of Anselmo, Custer county, which was destroyed by fire on the 22d day of April, 1911. He claimed that the defendant insurance company had insured the property against loss by fire in the sum of $4,000, and brought this action in the district court for Custer county to recover that insurance. The cause was tried to the court without a jury, and general findings for the plaintiff and judgment entered thereon for $4,000, and interest and costs. The defendant has appealed.

The allegation of the petition was that one, J. C. Moore, was the agent of the defendant company, and was duly authorized in that regard, and that on the 18th day of April, 1911, the plaintiff applied to the said Moore, as such agent, for insurance on the said property; that the "said defendant by its said agent, in consideration of the sum of $80, orally agreed to become an insurer of said stock of merchandise for the sum of $4,000 for the period of one year, beginning on the 18th day of April, 1911, and ending on the 18th day of April, 1912, at noon, and orally agreed to make and deliver to plaintiff a policy of insurance for the sum of $4,000 in the usual form of policies issued by the defendant." It was also alleged that the plaintiff offered to pay the defendant the specified premium, and that the said agent of the defendant informed him "that he might have 30 days from the date of said contract in which to pay said premium; and plaintiff alleges that it is the custom and habit of said company to allow 30 days in which the insured may pay premiums for contracts of insurance entered into with it; that within 30 days after April 18, 1911, and before the loss hereinafter mentioned occurred, plaintiff tendered defendant the full amount of said premium, but defendant wrongfully refused the same, and still refuses the same, claiming that it is not obligated by said contract;" that within the agreed time the plaintiff tendered the defendant the full amount of the said

premium, but the defendant refused to receive the same.
The defendant admits that Moore was then the agent for
the company, but alleges that he was merely a soliciting
agent, and had no authority to make contracts of in-
surance, and especially had no authority to make oral
agreements binding the defendant to insure property, and
also insists that Moore made no such contracts or agree-
ments with the plaintiff.

This being an action at law, the findings of the trial
court are entitled to the same consideration in this court
as would be given the verdict of a jury, and such finding
will not be set aside where the evidence is substantially
conflicting, unless upon the whole record it appears it is
clearly wrong.

1. It is objected that there is a variance between the
allegations of the petition and the evidence, and that the
judgment does not follow either. The petition alleges that
the policy was to be in force from noon of the 18th, and
the witness testified that the contract was made on the
morning of the 18th, between 8 and 9 o'clock, and the
policy was to be in force from that time. The judgment is
that the policy was in force from the 18th, without stating
the hour. The fire took place on the 22d, and these sup-
posed variances are not material.

2. Moore had been acting as agent of the defendant
company at Anselmo for five or six years, and as such
agent had acted for the company in insuring the stock in
which this plaintiff was interested in this store from year
to year. The policy insuring this property expired at noon
on the 18th day of April, 1911, and on the 16th day of that
month Moore inquired of the plaintiff whether he desired
to continue the insurance, and the plaintiff informed him
that he did. Thereupon, Moore left an application with
the plaintiff, and again on the morning of the 18th Moore
called at the plaintiff's place of business, and the appplica-
tion, having been partially filled by the plaintiff, was com-
pleted and taken by Mr. Moore and forwarded to the com-
pany. When Mr. Moore called on the morning of the 18th,
the plaintiff informed him that he wanted to continue the

insurance, and he wanted to know to a certainty that the insurance would not be interrupted, and that the renewal policy would be in full force and effect from that time. He was assured by Mr. Moore that the insurance would be written upon his application, and that it would be in effect from the time of the expiration of the former policy. The plaintiff then offered to pay Mr. Moore the agreed premium, $80, but Mr. Moore told him that he was in a hurry at that time, and that he usually made his remittances within 30 days, and that the plaintiff might have the 30 days in which to make payment. Two days later, as we have already stated, the fire occurred. In the meantime the policy had not been delivered to the plaintiff. It appears from the evidence that on former occasions the agreement for the renewal of insurance had been made on or about the day that the former policy expired, but the policy had not been delivered until several days, sometimes more than a week, later; but these renewal policies had uniformly been written so as to be in force and effect from the time of the expiration of the policy. Mr. Moore was a witness upon the trial, and the testimony of the plaintiff was not denied by him.

On the 19th day of April, Mr. Sage, the manager of the defendant company, wrote a letter to Mr. Moore calling the agent's attention to the expiration of plaintiff's policy on the 18th, and saying: "Thinking possibly you may have overlooked it, we thus remind you in order that assured may not unwittingly go without insurance." He also stated: "Rate is now $4.90 as per rate book. of Nov. 12, 1910." Mr. Moore answered that the risk was a good one, and the rate agreed upon was the same as it had been. Again, on the 22d, Mr. Sage wrote Moore that the rate was too low, saying: "We consider the former rate of 2 per cent. entirely inadequate and prefer to accept no liability unless a rate of 3½ per cent. can be secured, and we are holding the application in this office awaiting your early advices along this line." Mr. Moore wrote several letters describing and strongly recommending the risk at the rate agreed upon by him, and it does not appear that the con-

tract was repudiated and the plaintiff notified until after the goods were destroyed by fire.

3. It appears from the evidence that the defendant company applied to the auditor of state for a license authorizing Mr. Moore to act as agent for the defendant in the town of Anselmo, and in that application stated that Mr. Moore "is hereby duly appointed agent of the German American Insurance Company of New York, to whom please issue certificate of authority," and the license issued by the auditor recited that "the above named agent is hereby authorized to transact the business of insurance as agent of the said company in this state." There was no suggestion, either in the application or in the license, that Mr. Moore was merely a soliciting agent, and, as we have seen, in former years he had taken the application and procured the policy, and, although the same was not delivered to the assured until some time after the former policy had expired, the new policy was uniformly made to be in force from the expiration of the former one. This was, of course, done with the knowledge and approval of the defendant company, and the defendant ought not now to be allowed to object that this plaintiff was not justified in relying upon the representations and promises of the agent Moore in regard to the continuance of his insurance without interruption.

4. The answer alleged that the former policies of this company in which the plaintiff was interested contained the provision that the agent had no power "to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto." It is urged in the brief that the plaintiff knew of this provision in defendant's policies, and is therefore estopped to allege that the agent Moore had authority to agree to a renewal of the policy. But an agreement to renew the policy for another year upon the same terms was not a waiver of any of the terms of the written policies of defendant, and there seems to be no ground for this objection.

We think, therefore, that the findings of the trial court that the defendant is now bound by the contract of the agent Moore, and that the contract with the plaintiff was made substantially as alleged, is not so unsupported by the evidence as to require this court to reverse those findings.

The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.