JOHN T. BRIDGES, APPELLEE, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLANT, CONSOLIDATED WITH ALBERT BROWN, APPELLEE, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLANT.

FILED MARCH 16, 1918.   No. 19903.

1. **Insurance: AGENT: CONTRACT.** In an alleged contract between an insurance agency and the owner of certain property, by the terms of which the agency promises to keep the owner's property insured from year to year in some one of the various companies for which it is agent, to be selected by the agent, *held*, that no contract of insurance would arise between the owner and any of the companies represented by the agency until the agent had selected the company in which the insurance was to be written.

2. ———: ———: RENEWAL CONTRACT. An insurance agent has, ordinarily, no apparent authority, and in the absence of express authority is not authorized to make a contract, so as to bind an

insurance company, for renewal insurance from year to year for an indefinite period in the future.

3. ——: AGREEMENT FOR INSURANCE: VALIDITY. An agreement for insurance to be valid must be certain as to time, amount, rate, property, and other material facts.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed and dismissed.*

*Montgomery, Hall & Young,* for appellant.

*W. D. Oldham* and *Fred A. Nye, contra.*

CORNISH, J.

More than 10 years before the fire, the occasion of this suit, one Robinson, a bank cashier, maintained an insurance agency, representing defendant and other insurance companies. Afterwards, some four years before the fire, he sold his interests in the bank and agency to one Kennedy, who became cashier and agent. Plaintiffs allege that at the beginning of this period each orally "contracted with the said agency of the defendant to keep his property, hereinafter described, insured at all times against loss," etc.; that, in accordance with said agreement, the defendant did, from year to year, issue its policies through said agency, and "the premium therefor would be charged against the account of the plaintiff in said bank or collected by said agency from the plaintiff on demand;" that the defendant did not, in accordance with the agreement, renew its policies, expiring May 20 and 24, 1914; and that the property was destroyed by fire November 3, 1914. The defendant, besides denying such agreement or custom, denies all liability by reason thereof. From a judgment against defendant for the losses as if upon policies in full force and effect, defendant appeals.

The evidence shows that at the time of the expiration of the old policies in May, 1914, neither of the plaintiffs had any money in the bank, and the bank examiner was calling the bank's attention to the overdrafts. During the five and one-half months intervening before the fire no premium was tendered nor policy demanded. During

the ten-year period the amount of one policy at least was changed, and the insurance on one of the properties was changed by the agency from another company to the defendant. When Kennedy bought out Robinson, no new contract was made, according to plaintiffs, except that Kennedy was to continue the insurance the same as Robinson had.

As stated in plaintiffs' brief: "The agents themselves selected which company they would insure these men in." As sworn to by plaintiff Bridges, after the agent had transferred the insurance from one company to another: "I told him it didn't make a bit of difference. * * * I didn't know one insurance company from another, and all I wanted was insurance; and he said I didn't need to worry, he would take care of that." The agency clearly was given the privilege of making such selection as its own business or convenience would suggest.

Admitting the agreement and custom, as sworn to, between plaintiffs and the agency representing several companies, it must be held that, in the making of a selection of companies and procuring insurance, the agency would be acting either for itself or as the agent of the plaintiffs, and not of the defendant company. Until a selection was made the company selected would be an entire stranger to the transaction. To constitute a contract the minds of the parties to it must meet. There must be an offer and acceptance. This could not happen between plaintiffs and defendant so long as Robinson or Kennedy had the option of selecting one company or another at his pleasure. In short, it is not possible, rationally, to conceive that in making the selection the agent would be acting for the company. In its very nature, the thing to be done is done by the party procuring the insurance. Hence, at the time of the fire no contract of insurance existed between plaintiffs and defendant, and no cause of action arose.

We are of opinion, however, that plaintiffs' case must fail for other reasons, even though the original agreement had been with reference to a policy in a specified company. In the absence of express authority, an insurance agent has no apparent authority to make a contract, like this, for insurance from year to year for an indefinite period, 10 to 20 years in the future. There would be nothing in the transaction which would inform the company of its existence. Insurance companies must be given the privilege of refusing insurance, of changing rates or amounts, or of quitting the field. The apparent authority of the agent, if it exists at all, must be limited to policies which are to be issued within a reasonable time.

Again, the agreement is wanting in that mutuality required to make a valid contract. The plaintiffs, according to their testimony, could stop renewals whenever they desired. The defendant must have the same right. If it is said that the defendant had the same right by implication, then, aside from want of certainty required, it must be further said that it exercised the right in not issuing the policies, the plaintiffs having neither paid for them, tendered payment, nor demanded them during the over five months which elapsed after the old policies expired.

Again, it is not contended by plaintiffs that in the arrangements had they would have issued to them new policies without paying the premiums. The custom sworn to, that the amount of the premium was to be charged to their accounts at the bank, must be taken to mean an account having money to its credit. Under any conception of the oral contract, in the absence of some agreement, express or implied, to extend credit for over five months, the defendant would not be bound to issue its policy until the consideration was paid.

Again, even though it should be the law that an insurance agent may bind the company by an oral agreement for insurance *in præsenti* or *in futuro,* we know of no case holding that the agreement must not

be clear and explicit in its terms. It must be certain as to parties, time, amount, rate, property, and other material facts. The agreement sworn to was uncertain as to parties (the insurance company was once changed); as to time (it was indefinite); as to amount (the amount was once changed); as to rate (nothing was said about rate, and it would be unreasonable to suppose that the parties contemplated that the rate would never change, or its payment be deferred five and one-half months).

Defendant in its brief argues that such contract, being oral and not to be performed within one year, would be void as within the statute of frauds; also that in all undertakings by an agent to procure insurance for another, although in a specific company, the agent acts for the other or for himself until the application is in fact made; also a question of pleading: that a petition alleging an insurance contract *in præsenti* will not support a judgment based upon evidence of a contract for insurance *in futuro*. It is not necessary to decide these questions here.

For cases bearing upon the questions involved, see *Parker v. Knights Templars & Masons Life Indemnity Co.*, 70 Neb. 268; *Willson v. German-American Ins. Co.*, 95 Neb. 774; *Clark v. Bankers Accident Ins. Co.*, 96 Neb. 381; *Sargent v. National Fire Ins. Co.*, 86 N. Y. 626; *Michigan Pipe Co. v. Michigan Fire & Marine Ins. Co.*, 92 Mich. 482; *Connecticut Fire Ins. Co. v. Bennett & Bros.*, 1 Ohio Dec. 60; *Wood v. Prussian National Ins. Co.*, 99 Wis. 497; *Stehlick v. Milwaukee Mechanics' Ins. Co.*, 87 Wis. 322; *Taylor v. Phœnix Ins. Co.*, 47 Wis. 365; *Whitman v. Milwaukee Fire Ins. Co.*, 128 Wis. 124; *Benner v. Fire Ass'n of Philadelphia*, 229 Pa. St. 75; *Mooney v. Merriam*, 77 Kan. 305.

The judgment of the trial court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

SEDGWICK, J. not sitting.

DEAN, J., dissents.